**IT IS ORDERED as set forth below:**



Date: December 18, 2019

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-63282-WLH |
| HRN GROUP, LLC, | CHAPTER 7 |
| Debtor, | |
| HRN GROUP, LLC, | AP NO. 19-5312-WLH |
| Plaintiff, | |
| v. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AND MCCALLA RAYMER LEIBERT PIERCE, LLC, | |
| Defendants. | |

**ORDER DISMISSING CASE AS TO JP MORGAN CHASE BANK, NATIONAL ASSOCITION AND MCCALLA RAYMER LEIBERT PIERCE**

**THIS MATTER** is before the Court on JP Morgan Chase Bank, National Association ("JPMorgan") and McCalla Raymer Leibert Pierce ("McCalla")'s Motion to Dismiss (Doc. No. 13) (the "Motion").

1

On October 1, 2019, Danitta-Ross a.k.a. Danitta-Ross: Morton, purportedly on behalf of HRN Group, LLC ("HRN"), filed the complaint against JPMorgan and McCalla and others. JPMorgan and McCalla filed the Motion seeking dismissal of the complaint with prejudice because Plaintiff is not represented by counsel and for failing to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an untimely response on December 2, 2019 (Doc. No. 36).

HRN filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 7, 2018. The Debtor's schedules and statement of financial affairs were incomplete and notably did not list an interest in real property 6433 Parkway Trace, Lithonia, Georgia (the "Property"). JPMorgan proceeded with a foreclosure sale of the Property scheduled for September 4, 2018.

Ms. Morton, allegedly on behalf of the Debtor, filed a "Notice of Complaint for Violations of Automatic Bankruptcy Stay, Damages and Sanctions Against Creditor for Willful Violation Pursuant to section 362(a)(h)(k)." The document was directed at JPMorgan and its law firm, McCalla, and related to an alleged post-petition foreclosure of the Property (Doc. No. 16). In response, McCalla, on behalf of JPMorgan, filed a motion seeking to have the stay annulled *nunc pro tunc* in order to validate the sale of the Property ("JPMorgan MFR") (Doc. No. 21). The motion recited that the Property has been subject to numerous property transfers and the current case was the seventh bankruptcy case affecting the property. The motion also alleged the loan on the Property was 25 payments delinquent. In the meantime, the Chapter 7 Trustee indicated he had no interest in the Property. See Trustee's Response to Order to Show Cause Why Case Should Not Be Dismissed (Doc. No. 29). The Court held an evidentiary hearing on the JPMorgan MFR on the December 11, 2018. At the conclusion of the hearing, the Court denied HRN's

2

motion for damages for any stay violation and granted the JPMorgan MFR, annulled the stay *nunc pro tunc* to the date of the bankruptcy filing, deemed the foreclosure sale valid to the extent it was otherwise valid under Georgia law, and made findings that the bankruptcy case was filed to delay, hinder, and/or defraud a creditor as contemplated by 11 U.S.C. § 362(d)(4)(b).  (Docs. Nos. 52 and 53.)  No appeal was taken from either order.

More than nine months later, Ms. Morton filed the complaint on behalf of the Debtor.  The complaint does not include a clear recitation of claims.  Liberally construed, the complaint in Count 2 challenges JPMorgan's and McCalla's right to seek relief from the stay and foreclose, alleging fraudulent actions in the chain of title.  Plaintiff asks the Court to reverse its prior orders and seeks an injunction against the disposition of the Property.  Plaintiff also seeks in its general conclusion an order requiring all credit reporting agencies to correct all negative information regarding the Property.

**Dismissal**

Lack of Counsel

JPMorgan and McCalla seek dismissal of the complaint because the Plaintiff is not an individual and does not have counsel.  It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney. National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1984).  While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons."  In Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se."  This is true even when the person

seeking to represent the corporation is its president or major shareholder. As the Court has explained on several occasions, a Georgia limited liability company is a corporation and requires separate representation. See Winzer v. EHCA Dunwoody, LLC, 277 Ga. App. 710, 713-14 (2006) (cites omitted).

HRN Group, LLC is a different entity from Ms. Morton, and it must have representation in order to participate in court proceedings. The Court has informed Ms. Morton of this numerous times. On September 25, 2018, the Court entered an Order to show cause why the case should not be dismissed, directing the Debtor to retain counsel or appear before the Court on October 4, 2018, to explain the lack of counsel. In that notice, the Court cited to numerous Eleventh Circuit cases requiring a corporation to appear through an attorney. Ms. Morton appeared at a hearing on September 27, 2018. The Court informed her that since the Debtor was a corporation, it needed an attorney in order to participate in any court proceedings. Nevertheless, the Court allowed her to speak that day with the admonition that the Debtor must retain counsel for any future hearings and that Ms. Morton would not be allowed to speak on behalf of the corporate Debtor. Ms. Morton argued the Debtor was a limited liability company and not a corporation and that the Debtor need not obtain counsel. The Court disagreed with her position. At the Show Cause hearing on October 4, the Debtor did not appear with counsel. Instead, Ms. Morton again appeared and stated her contention that a limited liability company was not a corporation and the Debtor was not required to obtain counsel. The Court reiterated that counsel was required, citing several Eleventh Circuit and other court decisions to that effect. Nevertheless, the Court gave the Debtor until October 24, 2018 to obtain counsel. On October 24, 2018, Kim King appeared as counsel on behalf of the Debtor.

On March 1, 2019, Ms. King filed a motion to withdraw as attorney of record for the

4

Debtor. The motion to withdraw omitted several items required under the local bankruptcy rules, and it was not immediately granted. At the hearing on March 7, 2019, Ms. King appeared to explain to the Court that she had requested to withdraw. On September 26, 2019, Ms. King appeared at a hearing and reiterated her need to withdraw as counsel for the Debtor. Ms. Morton, as the sole member of the Debtor, agreed that Ms. King could withdraw, and the Court permitted her withdrawal at that time. The Court reminded Ms. Morton of the earlier hearings and rulings requiring the Debtor to obtain counsel in order to participate in Court hearings. Nevertheless, the Debtor has not retained counsel and Ms. Morton continues to file documents on her own allegedly on behalf of the Debtor. Because the Debtor does not have counsel in this adversary proceeding, it cannot participate and dismissal is appropriate.

### Failure to State a Claim

JPMorgan and McCalla alternatively seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550

U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

### 1) Stay Relief

With these pleading standards in mind, the complaint falls short of plausibly demonstrating JPMorgan's and McCalla's alleged liability. Plaintiff seems to contend the JPMorgan MFR should not have been granted because JPMorgan and McCalla lacked standing. The Court's granting of the JPMorgan MFR was not a finding on the validity of the arguments of either party on the underlying issue. The purpose of a relief from stay proceeding is simply to determine "whether a creditor has a colorable claim to property of the estate." Grella v. Salem Five Cent Bank, 42 F.3d 26, 32 (1st Cir. 1994); In re Lebbos, 455 B.R. 607, 615 (Bankr. E.D. Mich. 2011); In re Fontaine, 2011 WL 1930620 (Bankr. N.D. Ga. April 12, 2011). "[T]he decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." Grella, 42 F.3d at 34.

The Court found JPMorgan established a colorable claim for relief. The Court's ruling did not determine that HRN has no defense or deprive HRN or Ms. Morton of any right to contest in another court the authority of JPMorgan and McCalla to conduct the foreclosure. The Court simply ruled that the bankruptcy estate has no further interest in the property or the outcome of the dispute, and the dispute was best left to other courts to resolve. No appeal was taken from this order.

### 2) Reconsideration

Although Plaintiff did not cite to it, Plaintiff's claim could be construed as a request to reconsider the Court's order granting stay relief nunc pro tunc. To the extent the complaint could be construed as a motion under Bankruptcy Rule 9023 to reconsider the court's earlier order, it must be denied as untimely. Under Bankruptcy Rule 9023, motions to reconsider must be filed within 14 days of entry of the judgment. See State of Fla. Dept. of Rev. v. Brandt (In re Southeast Bank Corp.), 97 F.3d 476, 478 (11th Cir. 1996). Plaintiff's request is not timely under Bankruptcy Rule 9023, so it must proceed under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60. Garcia v. Rushmore Loan Mgmt. Servs. (In re Garcia), Nos. 15-10374 BKT, 16-00094, 2017 WL 2062866, at *1 (Bankr. D.P.R. May 12, 2017). It must be denied, however, because it fails to set forth any cognizable grounds for relief under Fed. R. Civ. P. 60. As stated above, the order did not adjudicate JPMorgan's standing or any defenses of the Debtor, but the Court allowed those claims to proceed in another jurisdiction. The Trustee of the bankruptcy estate stated no interest in the property and no bankruptcy purpose would be served by this Court adjudicating those rights. JPMorgan presented a colorable claim it was the holder of the note, but any defense of the Debtor to JPMorgan's standing including allegations of fraud in the chain of title are preserved for the appropriate non-bankruptcy forum. No claim for reconsideration of the Court's order granting stay relief has been stated.

### 3) Wrongful Foreclosure

Plaintiff also alleges the foreclosure sale was wrongful. Plaintiff's claim for wrongful foreclosure must be dismissed because Plaintiff did not tender full payment of the debt due. Under Georgia law, before a plaintiff is entitled to equitable relief, the plaintiff "must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the

suit." Sapp v. ABC Credit & Inv. Co., 243 Ga. 151 (1979). Georgia law requires a party first tender the amount due under the note and security deed before seeking the equitable remedy of wrongful foreclosure. See Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848 (2003) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan.")); Smith v. Citizens & S. Fin. Corp., 245 Ga. 850 (1980) (holding owners who did not tender indebtedness secured by deed to secure debt were not entitled to set aside sale under power).

"In order to constitute a proper tender, the tender must be certain and unconditional, and be in full payment of the specific debt." Edward, 534 F. App'x at 892 (citing O.C.G.A. § 13-4-24). Georgia law has consistently held a mere proposal to pay money, with no offer of cash, does not constitute a valid tender. See Angier v. Equitable Bldg. & Loan Ass'n, 109 Ga. 625 (1900) ("There was nothing more than a bare offer or proposition to pay. Nothing was in fact tendered. A proposition to pay and a tender are by no means the same thing. The former may exist without any element of the latter.").

Plaintiff does not allege it paid or tendered the amount due on the loan. Because Plaintiff did not tender the amount due under the note and security deed before seeking wrongful foreclosure, Plaintiff's wrongful foreclosure claim fails and must be dismissed.

### 4) Damages

Plaintiff also alleges Defendants are liable for damages. Where a complaint fails to state a claim for equitable relief or wrongful foreclosure, related claims for damages and punitive damages are also subject to dismissal. See e.g., Owens v. Bank of Am. N.A., No. 3:15-cv-00065-

TCB-RGV, 2015 WL 12507425 (N.D. Ga. Dec. 4, 2015); Puissant v. Bank of Am. Home Loan Serv., No. 5:12-CV-388-MTT, 2013 WL 6383102 (M.D. Ga. Dec. 5, 2013) (granting defendant's motion for judgment on the pleadings where the amended complaint failed to state a claim for relief of wrongful foreclosure and, accordingly, for attorney's fees and punitive damages). Because Plaintiff fails to state a plausible claim for wrongful foreclosure, the related claims for damages and punitive damages also fail.

### 5) Miscellaneous Conclusory Allegations

Finally, the "conclusion" of the complaint cites a number of statutes which the respondents are alleged to have violated. Rule 8 of the Federal Rules of Civil Procedure provides that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must include more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 557)). To properly comply with Rule 8(a), made applicable by Fed. R. Bankr. P. 7008, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth "enough factual matter (taken as true) to suggest [each] required element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).

The allegations are in the nature of a shotgun pleading and do not adequately plead a claim against JPMorgan and McCalla. A shotgun pleading fails in one way or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (identifying four rough types or categories of shotgun pleadings); see Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n. 8 (11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading

9

constitutes shotgun pleading."); see also Boatman v. Town of Oakland, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested as a shotgun pleading).   As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.  The conclusory allegations do not include a clear recitation of claims and assert multiple parties committed certain acts without identifying *which* party engaged in *what* conduct specifically.

### 6) Prejudice

While JPMorgan and McCalla seek dismissal with prejudice, the presumption is in favor of a dismissal without prejudice.  "[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the [ . . .] court specifically finds that lesser sanctions would not suffice."  Dinardo v. Palm Beach County Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (internal quotations and citations omitted) (emphasis in original); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (explaining dismissal with prejudice is considered a "sanction of last resort").   Dismissal is warranted because the Debtor must have counsel and because the complaint does not state a claim for relief, but the extreme circumstances necessary for dismissal with prejudice are not present in this case.

**Abstention**

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).  Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law."  Id.  Courts may exercise their authority to abstain *sua sponte*.   Carver v. Carver, 954 F.2d

1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. First, state law issues predominate the bankruptcy issues and this proceeding is, at best, loosely related to Plaintiff's bankruptcy case. Plaintiff appears to contend a foreclosure sale of the Property was wrongfully conducted. This is not a cause of action created by the Bankruptcy Code and does not arise only in bankruptcy proceedings. Indeed, wrongful foreclosure actions can and do exist outside the bankruptcy context.

Further, the outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. A no asset corporate Chapter 7 case, like HRN's case, serves no bankruptcy purpose. The only purpose of a corporate Chapter 7 case is to permit the fair and orderly liquidation of corporate assets. Where

11

there are no assets of the estate that can be distributed to creditors, the case serves no bankruptcy purpose. See In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) (citing In re American Telecom Corp., 304 B.R. 867, 869-70 (Bankr. N.D. Ill. 2004)); see also In re Lang, 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law." The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. As there are no assets to distribute to creditors, the Debtor's corporate chapter 7 case serves no bankruptcy purpose. This case would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case. Similarly, the bankruptcy estate will not be impacted in any way if JPMorgan and McCalla are ordered to correct any credit reporting made with regard to the Property. Landy v. H&R Block Mortg., LLC (In re Landy), No. 18-55697-LRC, 2019 WL 6112333, at *2 (Bankr. N.D. Ga. Nov. 15, 2019).

Moreover, any issues relating to the foreclosure of the Property can be resolved in another forum, and Plaintiff can pursue a determination of its property interests in a court with jurisdiction. Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court. Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** as to JPMorgan and McCalla.

**END OF DOCUMENT**

Michelle Hart Ippoliti
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038