**IT IS ORDERED as set forth below:**



**Date: December 18, 2019**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> HRN GROUP, LLC, <br><br> Debtor, | CASE NO. 18-63282-WLH <br><br> CHAPTER 7 |
| HRN GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALDRIDGE PITE, LLP, ET AL, <br><br> Defendant. | AP NO. 19-5312-WLH |

### ORDER DISMISSING CASE AS TO ALDRIDGE PITE, LLP

**THIS MATTER** is before the Court on Aldridge Pite, LLP's Motion to Dismiss (Doc. No. 16) (the "Motion").

On October 1, 2019, Danitta-Ross a.k.a. Danitta-Ross: Morton, purportedly on behalf of

1

HRN Group, LLC ("HRN"), filed the complaint against Aldridge Pite, LLP ("AP") and others. AP filed the Motion seeking dismissal of the complaint because Plaintiff is not represented by counsel, the Court does not have subject matter jurisdiction, the complaint is an improper "shotgun pleading" under Fed. R. Bankr. P. 7008, and the complaint fails to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. On December 2, 2019, Plaintiff filed an untimely response to the Motion (Doc. No. 35), to which AP filed a reply.

HRN filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 7, 2018. AP, on behalf of Wells Fargo Bank N.A., as trustee, filed a motion for relief from the stay to initiate and conclude a dispossessory proceeding on real property located at 4596 Meadow Creek Path, Lithonia, Georgia on which Wells Fargo had foreclosed in 2016 pre-petition ("Wells Fargo MFR") (Doc. No. 13). On September 27, 2018, the Wells Fargo MFR came before the Court for hearing. The Court noted the foreclosure had already occurred and the matter to be resolved was possession of the property, the Trustee had no objection to the lifting of the stay, and litigation between the parties should continue in state court. The Court therefore granted the Wells Fargo MFR. No appeal was taken.

On September 26, 2019, AP, on behalf of Wilmington Savings Fund Society FSB, as trustee ("Wilmington"), filed a motion for relief from stay with respect to the property located at 6236 Katelyn Park, Lithonia, Georgia 30058 ("Wilmington MFR") (Doc. No. 76). The motion alleged that 126 payments on the loan secured by the property were missed. A hearing was scheduled on this motion for October 17, 2019. The day of the hearing, Ms. Morton, allegedly on behalf of the Debtor, filed an Affidavit of Opposition to Motion for Relief from Automatic Stay (Doc. No. 80) in which she contended Wilmington was not the true holder of the note and security

deed and should not be permitted relief from the stay. At the hearing on October 17, 2019, Ms. Morton contended again that Wilmington was not the holder of the note authorized to foreclose. After hearing argument from counsel and from Ms. Morton, the Court found that Wilmington had established a colorable claim for relief and granted the Wilmington MFR. An appeal has been taken from this order.

Liberally construed, the complaint challenges the right of various creditors and AP to seek relief from the stay and foreclose, alleging fraudulent actions. Plaintiff asks the Court to reverse its prior orders granting the Wells Fargo MFR (Count 1) and the Wilmington MFR (Count 3), and seeks injunctions against the disposition of several properties, including 4596 Meadow Creek Path and 6236 Katelyn Park, on the basis the security deeds against the properties are fraudulent and the creditors lack standing to seek relief as to the properties. Plaintiff also seeks in its general conclusion an order requiring all credit reporting agencies to correct all negative information regarding the properties.

**Dismissal**

Lack of Counsel

AP seeks dismissal of the complaint because the Plaintiff is not an individual and does not have counsel. It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney. National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1984). While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons." In Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear

in court acting "pro se." This is true even when the person seeking to represent the corporation is its president or major shareholder. As the Court has explained on several occasions, a Georgia limited liability company is a corporation and requires separate representation. See Winzer v. EHCA Dunwoody, LLC, 277 Ga. App. 710, 713-14 (2006) (cites omitted).

HRN Group, LLC is a different entity from Ms. Morton, and it must have representation in order to participate in court proceedings. The Court has informed Ms. Morton of this numerous times. On September 25, 2018, the Court entered an Order to show cause why the case should not be dismissed, directing the Debtor to retain counsel or appear before the Court on October 4, 2018, to explain the lack of counsel. In that notice, the Court cited to numerous Eleventh Circuit cases requiring a corporation to appear through an attorney. Ms. Morton appeared at a hearing on September 27, 2018. The Court informed her that since the Debtor was a corporation, it needed an attorney in order to participate in any court proceedings. Nevertheless, the Court allowed her to speak that day with the admonition that the Debtor must retain counsel for any future hearings and that Ms. Morton would not be allowed to speak on behalf of the corporate Debtor. Ms. Morton argued the Debtor was a limited liability company and not a corporation and that the Debtor need not obtain counsel. The Court disagreed with her position. At the Show Cause hearing on October 4, the Debtor did not appear with counsel. Instead, Ms. Morton again appeared and stated her contention that a limited liability company was not a corporation and the Debtor was not required to obtain counsel. The Court reiterated that counsel was required, citing several Eleventh Circuit and other court decisions to that effect. Nevertheless, the Court gave the Debtor until October 24, 2018 to obtain counsel. On October 24, 2018, Kim King appeared as counsel on behalf of the Debtor.

On March 1, 2019, Ms. King filed a motion to withdraw as attorney of record for the

Debtor. The motion to withdraw omitted several items required under the local bankruptcy rules, and it was not immediately granted. At the hearing on March 7, 2019, Ms. King appeared to explain to the Court that she had requested to withdraw. On September 26, 2019, Ms. King appeared at a hearing and reiterated her need to withdraw as counsel for the Debtor. Ms. Morton, as the sole member of the Debtor, agreed that Ms. King could withdraw, and the Court permitted her withdrawal at that time. The Court reminded Ms. Morton of the earlier hearings and rulings requiring the Debtor to obtain counsel in order to participate in Court hearings. Nevertheless, the Debtor has not retained counsel and Ms. Morton continues to file documents on her own allegedly on behalf of the Debtor. Because the Debtor does not have counsel in this adversary proceeding, it cannot participate and dismissal is appropriate.

<u>Failure to Comply with Rule 8</u>

AP alternatively seeks dismissal of the complaint for failing to comply with Fed. R. Civ. P. 8, made applicable to this case by Fed. R. Bankr. 7008, for failing to satisfy basic pleading standards. Rule 8 of the Federal Rules of Civil Procedure provides that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must include more than "'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 557)). To properly comply with Rule 8(a), made applicable by Fed. R. Bankr. P. 7008, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth "enough factual matter (taken as true) to suggest [each] required element." <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007)).

The complaint fails to satisfy the requirements of Rule 8. In fact, it fails to make a discernable claim against AP. AP is not a lender or servicer; it is a law firm that represented the

5

moving creditor. The complaint does not include a clear recitation of claims and asserts that multiple parties committed certain acts without identifying *which* party engaged in *what* conduct specifically. The complaint is full of conclusory, vague, and immaterial facts, and merely mentions AP in reference to the Wells Fargo MFR and the Wilmington MFR. The "conclusion" of the complaint cites a number of statutes which the respondents are alleged to have violated.

The allegations are in the nature of a shotgun pleading and do not adequately plead a claim against AP. A shotgun pleading fails in one way or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (identifying four rough types or categories of shotgun pleadings); see Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n. 8 (11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); see also Boatman v. Town of Oakland, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested as a shotgun pleading). As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

Although Plaintiff is proceeding in this action *pro se*, that does not relieve it of the requirement of drafting a well-pleaded complaint. While courts typically afford *pro se* plaintiffs more latitude with regard to pleading standards, "[e]ven a *pro se* litigant is required to comply with the rules of procedure." LaCroix, 627 Fed.App'x. at 818; see also Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting that a "court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the

6

plaintiff]."). The complaint therefore fails to meet the pleading standards of Fed. R. Bankr. P. 7008.

### Failure to State a Claim

AP alternatively seeks dismissal of the Complaint pursuant to of Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

#### i) Stay Relief

With these pleading standards in mind, the complaint falls short of plausibly demonstrating AP's alleged liability. Plaintiff seems to contend the Wells Fargo MFR and Wilmington MFR should not have been granted because the movants lacked standing. The Court's granting of the

Wells Fargo MFR and Wilmington MFR was not a finding on the validity of the arguments of the parties on the underlying issue. The purpose of a relief from stay proceeding is simply to determine "whether a creditor has a colorable claim to property of the estate." Grella v. Salem Five Cent Bank, 42 F.3d 26, 32 (1st Cir. 1994); In re Lebbos, 455 B.R. 607, 615 (Bankr. E.D. Mich. 2011); In re Fontaine, 2011 WL 1930620 (Bankr. N.D. Ga. April 12, 2011). "[T]he decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." Grella, 42 F.3d at 34.

The Court found Wells Fargo and Wilmington established a colorable claim for relief. The Court's ruling did not determine that HRN has no defense or deprive HRN or Ms. Morton of any right to contest in another court the authority of the moving parties to conduct the foreclosure or dispossessory action. The Court simply ruled that the bankruptcy estate has no further interest in the property or the outcome of the dispute, and the dispute was best left to other courts to resolve. No appeal was taken from the Wells Fargo MFR. The complaint pleads no basis for relief as to the Wells Fargo MFR.

The Wilmington MFR, on the other hand, has been appealed. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the [lower] court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985), reh'g denied, 471 U.S. 1062 (1985). The lower court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded. Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990). A lower court

"does not act in aid of the appeal when it 'alter[s] the status of the case as it rests before the court of appeals.'" Amarin Pharm. Ir., Ltd. v. FDA, 139 F. Supp. 3d 437, 440 (D.D.C. 2015) (citations omitted). Because an appeal of the order granting the Wilmington MFR was filed, this Court is divested of jurisdiction to determine the aspects of the complaint challenging that order in the absence of authorization from the District Court. As such, dismissal of those allegations is appropriate.

### ii) Reconsideration

Although Plaintiff did not cite to it, Plaintiff's claim could be construed as a request to reconsider the Court's orders granting stay relief. To the extent the complaint could be construed as a motion under Bankruptcy Rule 9023 to reconsider the court's earlier orders, it must be denied as untimely. Under Bankruptcy Rule 9023, motions to reconsider must be filed within 14 days of entry of the judgment. See State of Fla. Dept. of Rev. v. Brandt (In re Southeast Bank Corp.), 97 F.3d 476, 478 (11th Cir. 1996). Plaintiff's request is not timely under Bankruptcy Rule 9023, so it must proceed under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60. Garcia v. Rushmore Loan Mgmt. Servs. (In re Garcia), Nos. 15-10374 BKT, 16-00094, 2017 WL 2062866, at *1 (Bankr. D.P.R. May 12, 2017). It must be denied, however, because it fails to set forth any cognizable grounds for relief under Fed. R. Civ. P. 60. Plaintiff's complaint does not state a basis for reconsidering the Court's order on the Wells Fargo MFR. As stated above, the order did not adjudicate Wells Fargo's or AP's standing or any defenses of the Debtor, but the Court allowed those claims to proceed in another jurisdiction. The Trustee of the bankruptcy estate stated no interest in the property and no bankruptcy purpose would be served by this Court adjudicating those rights.

Wells Fargo presented a colorable claim it was the holder of the note, but any defense of

the Debtor to Wells Fargo's standing including allegations of fraud in the chain of title are preserved for the appropriate non-bankruptcy forum. No claim for reconsideration of the Court's order granting Wells Fargo stay relief has been stated. Because of the appeal of the Court's order granting stay relief on the Wilmington MFR, the Court does not have jurisdiction to consider a request to reconsider it.

Beyond complaining about the Court granting the Wells Fargo and Wilmington MFRs, on which AP represented the moving parties, the complaint fails to provide AP with fair notice of what the claim is and the grounds upon which it rests and makes it impossible for the Court and AP to discern which allegations are brought against AP. Consequently, Plaintiff has failed to state claims in accordance with the pleading requirements in accordance with Rule 12(b)(6) and should be dismissed.

### Jurisdiction

AP also asserts the Court lacks subject matter jurisdiction over this proceeding and seeks dismissal of the Complaint pursuant to of Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. Walden v. Walker, 515 F.3d 1204, 1210 (11th Cir. 2008) (internal citations omitted).

Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 1334, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The bankruptcy court's jurisdiction is derivative of and dependent upon these bases. Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999) (citing Celotex Corp. v. Edwards, 514 U.S. 300 (1995)). Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b), this Court may exercise jurisdiction in three categories of civil

proceedings: those that arise under title 11, those that arise in cases under title 11, and those that relate to cases under title 11. Toledo, 170 F.3d at 1344.

The first category of cases, "arising under" proceedings, are matters invoking a substantive right created by the Bankruptcy Code. Id. at 1345. Such matters are considered core proceedings. Id. at 1348 (citing Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). The second category, "arising in a case under title 11," is thought to involve administrative-type matters or matters that could arise only in bankruptcy, such as filing a proof of claim or an objection to the discharge of a particular debt. See id.; see also 28 U.S.C. § 157(b)(2). The definition covers claims that "are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy." Baker v. Simpson, 613 F.3d 346, 350-51 (2d Cir. 2010) (citing In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)). These matters also constitute core proceedings. Alternatively, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding." Toledo, 170 F.3d at 1348 (citing *Wood*, 825 F.2d at 97). A bankruptcy court may still have jurisdiction over a non-core matter if it is otherwise related to the bankruptcy proceeding. 28 U.S.C. § 157(c)(1).

Matters relate to a case under title 11 "where resolution of the same could have a material effect on the administration of the case or claims against the bankruptcy estate, but such a claim could exist outside of bankruptcy." See Customized Distrib., LLC v. Coastal Bank & Tr. (In re Lee's Famous Recipes, Inc.), Adv. No. 11-5482, 2011 WL 7068916, at *3 (Bankr. N.D. Ga. Dec. 12, 2011) (citing Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 104 (Bankr. D. Del. 2008)). In Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), the Third Circuit Court of Appeals announced a test for determining if "related to" jurisdiction

11

exists. The court explained that a civil proceeding is related to a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Id. at 994. The Eleventh Circuit has adopted the Pacor test with little or no variation. Celotex, 514 U.S. at 308; see e.g., Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990).

However, "related to" jurisdiction is not boundless. "Bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets, but it cannot be extended beyond its purpose." Lemco Gypsum, 910 F.2d at 789. As explained by one court, "'[r]elated to' jurisdiction is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy." Harlan v. Rosenberg & Assocs., LLC (In re Harlan), 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (citations omitted). A case that has common issues of fact with a bankruptcy case does not automatically establish related to jurisdiction; the resolution must also affect the bankruptcy estate. See HOC, Inc. v. McAllister (In re McAllister), 216 B.R. 957, 966 (Bankr. N.D. Ala. 1998) ("Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate."). Thus, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Celotex, 514 U.S. at 308.

Plaintiff has not established its claims arise under the Bankruptcy Code, or in a case under title 11, or are related to the Bankruptcy Case. It is difficult to discern exactly what claims Plaintiff alleges against AP. Plaintiff challenges the right of parties whom AP represented to seek relief as to the properties at 4596 Meadow Creek Path and 6236 Katelyn Park. This is not a cause of action created by the Bankruptcy Code and does not arise only in bankruptcy proceedings.

12

Indeed, as the Court has stated, the Debtor can assert its rights and contest the underlying merits in another forum. Accordingly, this matter does not fall within either of the first two categories under § 1334, and the Court lacks jurisdiction over Plaintiff's claims if they are not "related to" his bankruptcy case.

Having considered the complaint and the facts concerning the Bankruptcy Case, the Court concludes that the relief sought in the complaint is not "related to" the Bankruptcy Case. The Bankruptcy Case is a liquidation case, rather than a reorganization case. The Chapter 7 Trustee has filed a notice that he did not intend to pursue the liquidation of any assets. The Trustee clearly had no interest in the properties that were the subject of the Wells Fargo MFR and Wilmington MFR or in any damages that may be owed to Plaintiff as a result of AP's conduct. Moreover, the Debtor is not entitled to a discharge. Based on the facts available to the Court, the resolution of the claims asserted in this case would not impact Plaintiff's bankruptcy estate. The complaint as to AP is not "related to" the Bankruptcy Case and the Court does not have jurisdiction over it.

### Abstention

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c). Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;

> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. The outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. A no asset corporate Chapter 7 case, like HRN's case, serves no bankruptcy purpose. The only purpose of a corporate Chapter 7 case is to permit the fair and orderly liquidation of corporate assets. Where there are no assets of the estate that can be distributed to creditors, the case serves no bankruptcy purpose. See In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) (citing In re American Telecom Corp., 304 B.R. 867, 869-70 (Bankr. N.D. Ill. 2004)); see also In re Lang, 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law." The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. As there are no assets to distribute to creditors, the Debtor's corporate chapter 7 case serves no bankruptcy purpose. This adversary proceeding would thus place an additional burden on the Court's docket

14

without impacting Plaintiff's bankruptcy case.

Moreover, any issues relating to the foreclosure and dispossessory proceedings relating to 4596 Meadow Creek Path and 6236 Katelyn Park can be resolved in another forum, and Plaintiff can pursue a determination of its property interests in a court with jurisdiction. Additionally, Plaintiff has demanded a jury trial. Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court. Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** as to AP.

### END OF DOCUMENT

Christopher J. Reading
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E.,
Suite 500
Atlanta, GA 30305

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038