**IT IS ORDERED as set forth below:**

**Date: January 27, 2020**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> HRN GROUP, LLC, <br><br> Debtor, | CASE NO. 18-63282-WLH <br><br> CHAPTER 7 |
| HRN GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPTI, ASSET-BACKED CERTIFICATES, SERIES 2007- OPTI, PHH MORTGAGE SERVICES, AND NEW REZ, LLC, ET AL. <br><br> Defendants. | AP NO. 19-5312-WLH |

**ORDER DISMISSING CASE AS TO OCWEN LOAN SERVICING, LLC, WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPTI, ASSET-BACKED CERTIFICATES, SERIES 2007- OPTI, PHH MORTGAGE SERVICES, AND NEW REZ, LLC**

1

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo Bank, National Association As Trustee For Soundview Home Loan Trust 2007-OPTI, Asset-Backed Certificates, Series 2007- OPTI ("Wells Fargo"), PHH Mortgage Services ("PHH"), and New Rez, LLC (collectively the "Ocwen Defendants") (Doc. No. 29) (the "Motion").

HRN Group, LLC ("HRN") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 7, 2018. Wells Fargo filed a motion for relief from the stay to initiate and conclude a dispossessory proceeding on real property located at 4596 Meadow Creek Path, Lithonia, Georgia on which Wells Fargo had foreclosed in 2016 pre-petition ("Wells Fargo MFR") (Doc. No. 13). On September 27, 2018, the Wells Fargo MFR came before the Court for hearing. The Court noted the foreclosure had already occurred and the matter to be resolved was possession of the property, the Trustee had no objection to the lifting of the stay, and litigation between the parties should continue in state court. The Court therefore granted the Wells Fargo MFR. No appeal was taken.

On October 1, 2019, Danitta-Ross a.k.a. Danitta-Ross: Morton, purportedly on behalf of HRN filed the complaint against the Ocwen Defendants and others. Liberally construed, the complaint challenges the right of various creditors to seek relief from the stay and foreclose, alleging fraudulent actions. Plaintiff asks the Court to reverse its prior orders granting the Wells Fargo MFR (Count 1), and seeks injunctions against disposition of several properties including 4596 Meadow Creek Path, on the basis the security deeds against the properties are fraudulent and the creditors lack standing to seek relief as to the properties. Count I mentions PHH and New Rez as servicer and holder subsequent to Wells Fargo. Count 6 of the complaint mentions PHH and New Rez in relation to property at 35 Ingraham Street a.k.a. 6 Oak Avenue, Hempstead, New York

2

without asserting any allegations. The Court sees no allegations as to Ocwen. Plaintiff also seeks in its general conclusion an order requiring all credit reporting agencies to correct all negative information regarding the properties.

The Ocwen Defendants filed the Motion seeking dismissal of the complaint with prejudice because Plaintiff is not represented by counsel, as an improper "shotgun pleading" under Fed. R. Bankr. P. 7008, and for failing to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. As Plaintiff has failed to respond to the Motion, the Motion is deemed unopposed. See BLR 7007-1(c).

**Dismissal**

Lack of Counsel

The Ocwen Defendants seek dismissal of the complaint because the Plaintiff is not an individual and does not have counsel. It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney. National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1984). While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons." In Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se." This is true even when the person seeking to represent the corporation is its president or major shareholder. As the Court has explained on several occasions, a Georgia limited liability company is a corporation and requires separate representation. See Winzer v. EHCA Dunwoody, LLC, 277 Ga. App. 710, 713-14 (2006)

(cites omitted).

HRN Group, LLC is a different entity from Ms. Morton, and it must have representation in order to participate in court proceedings. The Court has informed Ms. Morton of this numerous times. On September 25, 2018, the Court entered an Order to show cause why the case should not be dismissed, directing the Debtor to retain counsel or appear before the Court on October 4, 2018, to explain the lack of counsel. In that notice, the Court cited to numerous Eleventh Circuit cases requiring a corporation to appear through an attorney. Ms. Morton appeared at a hearing on September 27, 2018. The Court informed her that since the Debtor was a corporation, it needed an attorney in order to participate in any court proceedings. Nevertheless, the Court allowed her to speak that day with the admonition that the Debtor must retain counsel for any future hearings and that Ms. Morton would not be allowed to speak on behalf of the corporate Debtor. Ms. Morton argued the Debtor was a limited liability company and not a corporation and that the Debtor need not obtain counsel. The Court disagreed with her position. At the Show Cause hearing on October 4, the Debtor did not appear with counsel. Instead, Ms. Morton again appeared and stated her contention that a limited liability company was not a corporation and the Debtor was not required to obtain counsel. The Court reiterated that counsel was required, citing several Eleventh Circuit and other court decisions to that effect. Nevertheless, the Court gave the Debtor until October 24, 2018 to obtain counsel. On October 24, 2018, Kim King appeared as counsel on behalf of the Debtor.

On March 1, 2019, Ms. King filed a motion to withdraw as attorney of record for the Debtor. The motion to withdraw omitted several items required under the local bankruptcy rules, and it was not immediately granted. At the hearing on March 7, 2019, Ms. King appeared to explain to the Court that she had requested to withdraw. On September 26, 2019, Ms. King

appeared at a hearing and reiterated her need to withdraw as counsel for the Debtor. Ms. Morton, as the sole member of the Debtor, agreed that Ms. King could withdraw, and the Court permitted her withdrawal at that time. The Court reminded Ms. Morton of the earlier hearings and rulings requiring the Debtor to obtain counsel in order to participate in Court hearings. Nevertheless, the Debtor has not retained counsel and Ms. Morton continues to file documents on her own allegedly on behalf of the Debtor. Because the Debtor does not have counsel in this adversary proceeding, it cannot participate and dismissal is appropriate.

### Failure to Comply with Rule 8

The Ocwen Defendants alternatively seek dismissal of the complaint pursuant to Fed. R. Civ. P. 8, made applicable to this case by Fed. R. Bankr. 7008, for failing to satisfy basic pleading standards. Rule 8 of the Federal Rules of Civil Procedure provides that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must include more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 557)). To properly comply with Rule 8(a), made applicable by Fed. R. Bankr. P. 7008, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth "enough factual matter (taken as true) to suggest [each] required element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).

The complaint fails to satisfy the requirements of Rule 8. Count 1 of the complaint seems to assert Wells Fargo is not the holder of the note related to 4596 Meadow Creek Path, but it is full of conclusory, vague, and immaterial facts that make it difficult to decipher a specific cause of action. Count 6 of the complaint mentions PHH and New Rez in relation to property at 35 Ingraham Street a.k.a. 6 Oak Avenue, Hempstead, New York, but does not state any additional

5

allegations. The complaint does not indicate what PHH and New Rez did, much less provide a clear statement of what they might have done that was wrong. The complaint does not mention Ocwen, much less assert a discernable claim against it. Plaintiff has offered no factual basis in support of a claim against Ocwen. The "conclusion" of the complaint cites a number of statutes which the respondents are alleged to have violated.

The allegations are in the nature of a shotgun pleading and do not adequately plead a claim against the Ocwen Defendants. A shotgun pleading fails in one way or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (identifying four rough types or categories of shotgun pleadings); see Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n. 8 (11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); see also Boatman v. Town of Oakland, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested as a shotgun pleading). As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

Although Plaintiff is proceeding in this action *pro se*, that does not relieve it of the requirement of drafting a well-pleaded complaint. While courts typically afford *pro se* plaintiffs more latitude with regard to pleading standards, "[e]ven a *pro se* litigant is required to comply with the rules of procedure." LaCroix, 627 Fed.App'x. at 818; see also Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting that a "court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the

6

plaintiff]."). The complaint therefore fails to meet the pleading standards of Fed. R. Bankr. P. 7008.

### Failure to State a Claim

The Ocwen Defendants alternatively seek dismissal of the Complaint pursuant to Federal Rule of Bankruptcy Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

With these pleading standards in mind, the complaint falls short of plausibly demonstrating the Ocwen Defendant's alleged liability. Plaintiff seems to contend the Wells Fargo MFR should not have been granted because the movants lacked standing. The Court's granting of the Wells Fargo MFR was not a finding on the validity of the arguments of the parties on the underlying

issue. The purpose of a relief from stay proceeding is simply to determine "whether a creditor has a colorable claim to property of the estate." Grella v. Salem Five Cent Bank, 42 F.3d 26, 32 (1st Cir. 1994); In re Lebbos, 455 B.R. 607, 615 (Bankr. E.D. Mich. 2011); In re Fontaine, 2011 WL 1930620 (Bankr. N.D. Ga. Apr. 12, 2011). "[T]he decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." Grella, 42 F.3d at 34.

The Court found the foreclosure sale had already occurred and Wells Fargo established a colorable claim for relief. The Court's ruling did not determine that HRN has no defense or deprive HRN or Ms. Morton of any right to contest in another court the authority of the moving parties to conduct the foreclosure or dispossessory action. The Court simply ruled that the bankruptcy estate has no further interest in the property or the outcome of the dispute, and the dispute was best left to other courts to resolve. No appeal was taken from the Wells Fargo MFR. The complaint pleads no basis for relief as to the Wells Fargo MFR.

Although Plaintiff did not cite to it, Plaintiff's claim could be construed as a request to reconsider the Court's order granting stay relief. To the extent the complaint could be construed as a motion under Bankruptcy Rule 9023 to reconsider the court's earlier orders, it must be denied as untimely. Under Bankruptcy Rule 9023, motions to reconsider must be filed within 14 days of entry of the judgment. See State of Fla. Dept. of Rev. v. Brandt (In re Southeast Bank Corp.), 97 F.3d 476, 478 (11th Cir. 1996). Plaintiff's request is not timely under Bankruptcy Rule 9023, so it must proceed under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60. Garcia v. Rushmore Loan Mgmt. Servs. (In re Garcia), Nos. 15-10374 BKT, 16-00094, 2017 WL 2062866, at *1 (Bankr. D.P.R. May 12, 2017). It must be denied, however, because it fails to set forth any cognizable grounds for relief under Fed. R. Civ. P. 60. Plaintiff's complaint does not state a basis for

reconsidering the Court's order on the Wells Fargo MFR. As stated above, the order did not adjudicate Wells Fargo, PHH, or New Rez's standing or any defenses of the Debtor, but the Court allowed those claims to proceed in another jurisdiction. The Trustee of the bankruptcy estate stated no interest in the property and no bankruptcy purpose would be served by this Court adjudicating those rights.

Wells Fargo presented a colorable claim it was the holder of the note, but any defense of the Debtor to Wells Fargo's standing including allegations of fraud in the chain of title are preserved for the appropriate non-bankruptcy forum. The Court also noted the matter of possession of the property could continue in state court. No claim for reconsideration of the Court's order granting stay relief has been stated. Consequently, Plaintiff has failed to state claims in accordance with the pleading requirements in accordance with Rule 12(b)(6) and should be dismissed.

Beyond complaining about the Court granting the Wells Fargo MFR, the complaint fails to provide the Ocwen Defendants with fair notice of Plaintiff's claims and the grounds upon which they rest and makes it impossible for the Court and the Ocwen Defendants to discern which allegations are brought against the Ocwen Defendants. As discussed above, the allegations as to PHH and New Rez in Count 1 are that they were servicer and holder subsequent to Wells Fargo; no wrongful acts are alleged. PHH and New Rez are also mentioned in Count 6 in relation to property at 35 Ingraham Street a.k.a. 6 Oak Avenue, Hempstead, New York, but again no specific acts are identified, and no specific claims are alleged. The complaint does not include any allegations as to Ocwen. Consequently, Plaintiff has failed to state claims in accordance with the pleading requirements in accordance with Rule 12(b)(6) and the complaint should be dismissed as to the Ocwen Defendants

9

Prejudice

While the Ocwen Defendants seek dismissal with prejudice, the presumption is in favor of a dismissal without prejudice. "[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the [ . . .] court specifically finds that lesser sanctions would not suffice." Dinardo v. Palm Beach County Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (internal quotations and citations omitted) (emphasis in original); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (explaining dismissal with prejudice is considered a "sanction of last resort"). Dismissal is warranted because the Debtor must have counsel and because the complaint does not state a claim for relief, but the extreme circumstances necessary for dismissal with prejudice are not present in this case.

**Abstention**

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c). Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main

>   bankruptcy case;
>   (7) the substance rather than form of an asserted "core" proceeding;
>   (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>   (9) the burden of the bankruptcy court's docket;
>   (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>   (11) the existence of a right to a jury trial; and
>   (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. First, state law issues predominate the bankruptcy issues and this proceeding is, at best, loosely related to Plaintiff's bankruptcy case. Plaintiff appears to contest the Ocwen Defendants' standing and right to possession of the property at 4596 Meadow Creek Path after foreclosure. Plaintiff also seems to contest the Ocwen Defendants standing to seek relief as to property at 35 Ingraham Street a.k.a. 6 Oak Avenue, Hempstead, New York. These are not causes of action created by the Bankruptcy Code and do not arise only in bankruptcy proceedings. Indeed, matters of standing and possession can and do exist outside the bankruptcy context. As the Court has previously noted, the matter of possession of the property can be litigated in state court.

Further, the outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. While the filing of a voluntary bankruptcy creates an estate comprised of all legal or equitable interest of the debtor in property, 11 U.S.C. § 541, the foreclosure of 4596 Meadow Creek Path occurred before the bankruptcy case was filed. Under Georgia law, a valid foreclosure divests all the debtor's right and title in the property. See Pearson v. Fleet Fin. Center, Inc. (In re Pearson), 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985). Thus, the Debtor had no interest in the subject property when the case was filed, and the property was not subject to administration in the Debtor's bankruptcy estate.

11

Further, a no asset corporate Chapter 7 case, like HRN's case, serves no bankruptcy purpose. The only purpose of a corporate Chapter 7 case is to permit the fair and orderly liquidation of corporate assets. Where there are no assets of the estate that can be distributed to creditors, the case serves no bankruptcy purpose. See In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) (citing In re American Telecom Corp., 304 B.R. 867, 869-70 (Bankr. N.D. Ill. 2004)); see also In re Lang, 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law." The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. As there are no assets to distribute to creditors, the Debtor's corporate chapter 7 case serves no bankruptcy purpose. This case would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case. Similarly, the bankruptcy estate will not be impacted in any way if the Ocwen Defendants are ordered to correct any credit reporting made with regard to the property at 4596 Meadow Creek Path. Landy v. H&R Block Mortg., LLC (In re Landy), No. 18-55697-LRC, 2019 WL 6112333, at *2 (Bankr. N.D. Ga. Nov. 15, 2019).

Moreover, any issues relating to the property can be resolved in another forum, and Plaintiff can pursue a determination of its property interests in a court with jurisdiction. Plaintiff has also demanded a jury trial. Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court. Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** as to the Ocwen Defendants.

### END OF DOCUMENT

Elizabeth J. Campbell
John Michael Kearns
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038