**IT IS ORDERED as set forth below:**



Date: January 27, 2020

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-63282-WLH |
| HRN GROUP, LLC, | CHAPTER 7 |
| Debtor, | |
| HRN GROUP, LLC, | AP NO. 19-5312-WLH |
| Plaintiff, | |
| v. | |
| STATE COURT OF DEKALB COUNTY, ET AL., | |
| Defendants. | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AS TO
STATE COURT OF DEKALB COUNTY**

**THIS MATTER** is before the Court on Plaintiff's Affidavit of Notice of Demand for Default Judgment against State Court of DeKalb County (Doc. No. 33) (the "Motion").

1

Danitta-Ross a.k.a. Danitta-Ross: Morton, purportedly on behalf of HRN Group, LLC ("HRN"), filed a complaint on behalf of the Debtor on October 1, 2019. A summons was issued on October 2, 2019.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(a), a defendant's obligation to answer a complaint is not triggered until the complaint is duly served. Fed. R. Bankr. P. 7012(a) ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012(a)); see also In re Campbell, No. 16-80837, 2017 WL 2870132, at *4 (Bankr. W.D. La. July 5, 2017). Being "duly served" means in due or proper form or according to legal requirements. In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within 7 days after the issuance of the summons.

Bankruptcy Rule 7004(h)(6) provides service in an adversary proceeding must be made

> Upon a state or municipal corporation or other governmental organization thereof by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

Fed. R. Bankr. P. 7004(b)(6).

The identity of the official to be served under Paragraph (6) is a function of the law of the state in which service is to be made. In Georgia, state law provides for service:

> If against a county, municipality, city, or town, to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city or to an agent authorized by appointment to receive service of process. If against any other public body or organization subject to an action, to the chief executive officer or clerk thereof[.]

2

O.C.G.A. § 9-11-4(e)(5).

A party must strictly comply with Bankruptcy Rule 7004(h). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* litigant must still follow procedural rules. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming district court order dismissing complaint where pro se plaintiff failed to properly effect service on the defendant). Without proper service, a defendant cannot be said to have failed to plead or otherwise defend. See Tompkins & Assocs. v. Mack (In re Mack), Adv. No. 03-9208-JEM, 2004 WL 5848040 (Bankr. N.D. Ga. Mar. 12, 2004) (finding that defendant was not in default where service was insufficient and denying plaintiff's motion for default judgment); see also. Lindsay v. Beggins (In re Lindsay), Nos. 17-65425-WLH, 17-5265-WLH, 2018 WL 1508552 (Bankr. N.D. Ga. Mar. 26, 2018).

The complaint was filed on October 1, 2019, and a summons was issued on October 2, 2019. The certificate of service attached to the complaint indicates a copy of the complaint was served by United States mail on various defendants, but it does not name an official to be served on behalf of the State Court of DeKalb County. In fact, it does not list the State Court of DeKalb County at all. Moreover, that certificate of service is only as to the complaint and not the summons which was issued the next day. Plaintiff has failed to properly serve process on the State Court of DeKalb County. Because service was insufficient on the State Court of DeKalb County, the State Court of DeKalb County is not in default and the Court will deny the Motion.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED.**

**END OF DOCUMENT**

**Distribution List**

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038