**IT IS ORDERED as set forth below:**



**Date: January 27, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 18-63282-WLH |
| HRN GROUP, LLC, | CHAPTER 7 |
| Debtor, | |
| HRN GROUP, LLC, | AP NO. 19-5312-WLH |
| Plaintiff, | |
| v. | |
| STATE COURT OF DEKALB COUNTY; THE MAGISTRATE COURT OF DEKALB COUNTY; THE DEKALB COUNTY MARSHAL'S OFFICE; NORA L. POLK; GARY J. LESHAW; AND PHYLLIS R. WILLIAMS, ET. AL, | |
| Defendants. | |

**ORDER DISMISSING CASE AS TO
STATE COURT OF DEKALB COUNTY; THE MAGISTRATE COURT OF DEKALB
COUNTY; THE DEKALB COUNTY MARSHAL'S OFFICE; NORA L. POLK; GARY J.
LESHAW; AND PHYLLIS R. WILLIAMS**

1

**THIS MATTER** is the before the Court on the Motion to Dismiss filed by the State Court of DeKalb County, Georgia; the Magistrate Court of DeKalb County, Georgia; the DeKalb County, Georgia, Marshal's Office; The Honorable Nora L. Polk; The Honorable Gary J. Leshaw; and The Honorable Phyllis R. Williams (collectively, the "DeKalb County, Georgia Parties") (Doc. No. 58) (the "Motion").

HRN Group, LLC ("HRN") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 7, 2018. During the course of the case, several motions for relief came before the Court and were granted. In particular, the Court granted stay relief as to 4596 Meadow Creek Path, Lithonia, Georgia 30038 (Bankr. Doc. No. 27) and 6433 Parkway Trace, Lithonia, Georgia 30058 (Bankr. Doc. No. 53). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law." The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. The Chapter 7 Trustee had no objection to the motions for relief from stay filed in the HRN case.

Danitta-Ross a.k.a Danitta Ross: Morton, purportedly on behalf of HRN, filed the complaint. The complaint does not include a clear recitation of claims, but names, inter alia, the State Court of DeKalb County, the Magistrate Court of DeKalb County, and the DeKalb County Marshal's Office. Liberally construed, the complaint challenges the right of various creditors to seek relief from the stay and foreclose, alleging fraudulent actions. Plaintiff asks the Court to reverse its prior orders granting relief from the stay and seeks injunctions against disposition of several properties on the basis the security deeds against the properties are fraudulent and the creditors lack standing to seek relief as to the properties. The complaint challenges actions of the

DeKalb Magistrate Court in granting various writs and orders. Plaintiff also seeks in its general conclusion an order requiring all credit reporting agencies to correct all negative information regarding the properties.

Without seeking leave of the Court, Ms. Morton filed an Affidavit to Amendment to Adversary Complaint on December 12, 2019 (Doc. No. 48) and added Nora Polk, Gary Leshaw, and Phyllis Williams as defendants. Liberally construed, the Amended Complaint challenges the actions of the DeKalb County, Georgia Parties in non-bankruptcy forums. The complaint in Count 4 alleges wrongful conduct by the Honorable Nora L. Polk in connection with dispossessory proceedings in DeKalb County, Georgia. Count 8 of the complaint alleges the Honorable Nora L. Polk and the Magistrate Court violated Plaintiff's rights by signing writs for eviction relating to properties at 5725 Cape Cod Lane, Lithonia, Georgia; 4596 Meadow Creek Path, Lithonia, Georgia; and 6433 Parkway Trace, Lithonia, Georgia. Count 9 of the complaint alleges the Honorable Gary J. Leshaw of the Magistrate Court violated Plaintiff's rights by granting a writ of possession for property at 6433 Parkway Trace, Lithonia, Georgia. Count 10 contends Honorable Phyllis R. Williams erred by granting a writ of possession relating to property at 5725 Cape Cod Lane, Lithonia, Georgia. Count 11 challenges an eviction conducted by the DeKalb Marshal's Service at 4596 Meadow Creek Path and an order entered by the DeKalb State Court. The complaint seeks to reverse these actions and related orders issued in the DeKalb County, Georgia courts.

The DeKalb County, Georgia Parties filed the Motion on December 30, 2019 seeking dismissal of the complaint, as amended, because 1) Plaintiff is not represented by counsel, 2) the DeKalb County, Georgia Parties were not properly served, 3) the Court does not have subject matter jurisdiction, 4) the complaint is an improper "shotgun pleading" under Fed. R. Bankr. P.

3

7008, and 5) the complaint fails to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Motion also asked the Court to abstain from the matter.  Plaintiff filed a response in opposition to the Motion (Doc. No. 67).  The response, signed by Jason Morton, alleges the Motion is not timely and the DeKalb County, Georgia Parties are in default, and complains about this Court's actions (all of which were already addressed in the Court's order on recusal), actions of the Trustee, Wells Fargo, and Wilmington, and alleges these defendants violated, inter alia, Fourth Amendment rights and due process.

**Dismissal**

Lack of Counsel

The DeKalb County, Georgia Parties seek dismissal of the complaint, as amended, because the Plaintiff is not an individual and does not have counsel.  It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney.  National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1984).  While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons."  In Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se."  This is true even when the person seeking to represent the corporation is its president or major shareholder.  As the Court has explained on several occasions to Ms. Morton, a Georgia limited liability company is a corporation and requires separate representation.  See Winzer v. EHCA Dunwoody, LLC, 277 Ga. App. 710, 713-14 (2006) (cites omitted).

4

HRN Group, LLC is a different entity from Ms. Morton and Jason Morton, who filed the response to the Motion, and it must have representation in order to participate in court proceedings. The Court has informed Ms. Morton of this numerous times. On September 25, 2018, the Court entered an Order to show cause why the case should not be dismissed, directing the Debtor to retain counsel or appear before the Court on October 4, 2018, to explain the lack of counsel. In that notice, the Court cited to numerous Eleventh Circuit cases requiring a corporation to appear through an attorney. Ms. Morton appeared at a hearing on September 27, 2018. The Court informed her that since the Debtor was a corporation, it needed an attorney in order to participate in any court proceedings. Nevertheless, the Court allowed her to speak that day with the admonition that the Debtor must retain counsel for any future hearings and that Ms. Morton would not be allowed to speak on behalf of the corporate Debtor. Ms. Morton argued the Debtor was a limited liability company and not a corporation and that the Debtor need not obtain counsel. The Court disagreed with her position. At the Show Cause hearing on October 4, the Debtor did not appear with counsel. Instead, Ms. Morton again appeared and stated her contention that a limited liability company was not a corporation and the Debtor was not required to obtain counsel. The Court reiterated that counsel was required, citing several Eleventh Circuit and other court decisions to that effect. Nevertheless, the Court gave the Debtor until October 24, 2018 to obtain counsel. On October 24, 2018, Kim King appeared as counsel on behalf of the Debtor.

On March 1, 2019, Ms. King filed a motion to withdraw as attorney of record for the Debtor. The motion to withdraw omitted several items required under the local bankruptcy rules, and it was not immediately granted. At the hearing on March 7, 2019, Ms. King appeared to explain to the Court that she had requested to withdraw. On September 26, 2019, Ms. King appeared at a hearing and reiterated her need to withdraw as counsel for the Debtor. Ms. Morton,

5

as the sole member of the Debtor, agreed that Ms. King could withdraw, and the Court permitted her withdrawal at that time. The Court reminded Ms. Morton of the earlier hearings and rulings requiring the Debtor to obtain counsel in order to participate in Court hearings. Nevertheless, the Debtor has not retained counsel and Ms. Morton and now Jason Morton continue to file documents on their own allegedly on behalf of the Debtor as "beneficial interest holder," "executor," and holder of a power of attorney. None of these capacities gives Mr. or Ms. Morton the legal authority to appear in Court on behalf of HRN. Because the Debtor does not have counsel in this adversary proceeding, it cannot participate and dismissal is appropriate.

<u>Failure to Comply with Rule 8</u>

The DeKalb County, Georgia Parties alternatively seek dismissal of the complaint pursuant to Fed. R. Civ. P. 8, made applicable to this case by Fed. R. Bankr. 7008, for failing to satisfy basic pleading standards. Rule 8 of the Federal Rules of Civil Procedure provides that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must include more than "'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 557)). To properly comply with Rule 8(a), made applicable by Fed. R. Bankr. P. 7008, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth "enough factual matter (taken as true) to suggest [each] required element." <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007)).

The allegations are in the nature of a shotgun pleading and do not adequately plead a claim against the DeKalb County, Georgia Parties. A shotgun pleading fails in one way or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1321–23 (11th Cir. 2015)

6

(identifying four rough types or categories of shotgun pleadings); see Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n. 8 (11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); see also Boatman v. Town of Oakland, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested as a shotgun pleading). As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

The complaint, as amended, fails to satisfy the requirements of Rule 8. The complaint and amended complaint do not include a clear recitation of claims. Instead, they are full of long paragraphs of conclusory, vague, and immaterial facts. The amended complaint seems to allege the DeKalb County, Georgia Parties engaged in wrongful conduct, but it is difficult to discern exactly what Plaintiff contends they did that was wrongful. The amended complaint alleges the DeKalb County, Georgia parties violated Plaintiff's rights by granting writs of possession for various properties and conducting evictions without clearly identifying any claims. The conclusion of the amended complaint cites a number of statutes which the respondents are alleged to have violated.

Although Plaintiff is proceeding in this action *pro se*, that does not relieve it of the requirement of drafting a well-pleaded complaint. While courts typically afford *pro se* plaintiffs more latitude with regard to pleading standards, "[e]ven a *pro se* litigant is required to comply with the rules of procedure." LaCroix, 627 Fed.App'x. at 818; see also Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting that a "court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the

7

plaintiff]."). The complaint, as amended, therefore fails to meet the pleading standards of Fed. R. Bankr. P. 7008.

Failure to State a Claim

The DeKalb County, Georgia Parties alternatively seek dismissal of the complaint, as amended, pursuant to of Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

The complaint, as amended, fails to satisfy this standard. Plaintiff seems to challenge the outcome of and determinations by the DeKalb County, Georgia Parties in litigation in other forums. It is well settled a "final judgment in a civil action may be challenged on direct review but cannot be collaterally attacked in a subsequent proceeding." In re Uni-Marts, LLC, 404 B.R.

8

767, 788 (Bankr. D. Del. 2009) (citing Chicot Cty Drainage Dist. V. Baxter State Bank, 308 U.S. 371, 376 (1940) and Stoll v. Gottlieb, 305 U.S. 165, 172 (1938)). Decisions by the DeKalb County, Georgia Parties are open to reversal or modification in an appropriate and timely appellate proceeding, and this Court lacks the requisite authority to review their decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). As a result, the Court cannot entertain Plaintiff's challenge to the validity of actions by the DeKalb County, Georgia Parties and the complaint, as amended, pleads no basis for relief as to the DeKalb County, Georgia Parties.

Service

The DeKalb County, Georgia Parties assert the complaint, as amended, should be dismissed for insufficient service. The Supreme Court has held that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within 7 days after the issuance of the summons. If service is not made within that time period, service is insufficient and the Court may not exercise personal jurisdiction over the defendant.

Federal Rule of Bankruptcy Procedure 7004(a) further provides that the summons and complaint must be served within the time period prescribed in Rule 4(m). Rule 4(m) in turn states that service of the summons and complaint must be made within 90 days after the complaint is filed; if service is not made within that time period, the action must be dismissed without prejudice as to the non-served defendant, unless plaintiff can show good cause why such service was not made. Fed. R. Civ. P. 4(m). A plaintiff must demonstrate a showing of diligence and a reasonable

9

effort to effect service. Sullivan v. Hall (In re Hall), 222 B.R. 275, 279 (Bankr. E.D. Va. 1998). Finally, Bankruptcy Rule 7004 provides service in an adversary proceeding must be made in a particular manner, and a party must strictly comply with Bankruptcy Rule 7004 in effectuating service of process. See PNC Mortgage v. Rhiel, Nos. 2:10-cv-578, 2:10-cv-579, 2011 WL 1043949, at *5 (S.D. Ohio Mar. 18, 2011) (holding that the bank's actual notice of the adversary proceeding did not cure the defect in service); see also Walker v. U.S. Bank N.A. (In re Walker), No. 14-61060-MGD, 2015 WL 728691 (Bankr. N.D. Ga. Jan. 15, 2015). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a pro se litigant must still follow these procedural rules. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming district court order dismissing complaint where pro se plaintiff failed to properly effect service on the defendant).

      The complaint was filed on October 1, 2019 and a summons was issued on October 2, 2019. A certificate of service was attached to the complaint stating a copy of the complaint was served by United States mail. The certificate of service does not indicate a copy of the summons was served with the complaint and, since the certificate is dated before the issuance of the summons, it could not apply to service of a summons. The certificate of service states a copy of the complaint was served by United States mail on the Magistrate Court of DeKalb County of GA C/O at 556 N. McDonough Street, Ste. 230, Decatur, GA 30030. However, it does not identify an official to be served on behalf of the Magistrate Court of DeKalb County as required by Bankruptcy Rule 7004. The certificate of service does not indicate a copy of the summons was served with the complaint. The certificate of service fails to list any of the other DeKalb County, Georgia parties. Plaintiff thus failed to demonstrate the summons and original complaint were

10

properly served on the DeKalb County, Georgia Parties within 7 days as required by the Bankruptcy Rules.

Further, Plaintiff had 90 days, until December 30, 2019, to serve the defendants with the original complaint and summons. Plaintiff failed to do so and has not shown good cause for not timely serving the summons and complaint. In fact, Plaintiff has not provided any explanation for the failure. Plaintiff has completely failed to serve the DeKalb County State Court, Magistrate Court, and Marshal's Office.

Plaintiff amended the complaint on December 12, 2019. However, Plaintiff failed to obtain another summons. The amended complaint includes a certificate of service stating a copy of the amended complaint was served by United States mail on Phyllis Williams, Nora L. Polk, and Gary Leshaw; it does not list any of the other DeKalb County, Georgia Parties. The certificate of service does not indicate any summons for the amended complaint was ever served on any of the DeKalb County, Georgia Parties. Plaintiff's service thus fails to comply with Rule 7004 and the constitutional requirements of due process. The amended complaint was not properly served on the DeKalb County, Georgia Parties.

Service of a new summons and the amended complaint on Williams, Polk, and Leshaw could still be permitted within the time prescribed in Rule 4(m). While the Court may exercise its discretion to deny a motion to dismiss for lack of proper service and permit a plaintiff the opportunity to effectuate proper service when the 90-day period provided by Rule 4(m) for service of a complaint and summons has not yet expired, the Court declines to do so here because Plaintiff has had ample opportunity to serve process on the DeKalb County, Georgia Parties and dismissal is nevertheless warranted for the other reasons stated herein.

**Jurisdiction**

The DeKalb County, Georgia Parties also assert the Court lacks subject matter jurisdiction over this proceeding and seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. Walden v. Walker, 515 F.3d 1204, 1210 (11th Cir. 2008) (internal citations omitted).

Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 1334, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The bankruptcy court's jurisdiction is derivative of and dependent upon these bases. Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999) (citing Celotex Corp. v. Edwards, 514 U.S. 300 (1995)). Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b), this Court may exercise jurisdiction in three categories of civil proceedings: those that arise under title 11, those that arise in cases under title 11, and those that relate to cases under title 11. Toledo, 170 F.3d at 1344.

The first category of cases, "arising under" proceedings, are matters invoking a substantive right created by the Bankruptcy Code. Id. at 1345. Such matters are considered core proceedings. Id. at 1348 (citing Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). The second category, "arising in a case under title 11," is thought to involve administrative-type matters or matters that could arise only in bankruptcy, such as filing a proof of claim or an objection to the discharge of a particular debt. See id.; see also 28 U.S.C. § 157(b)(2). The definition covers claims that "are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy." Baker v. Simpson, 613 F.3d 346, 350-51 (2d Cir. 2010) (citing In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)). These matters also constitute core

12

proceedings. Alternatively, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding." Toledo, 170 F.3d at 1348 (citing *Wood*, 825 F.2d at 97). A bankruptcy court may still have jurisdiction over a non-core matter if it is otherwise related to the bankruptcy proceeding. 28 U.S.C. § 157(c)(1).

Matters relate to a case under title 11 "where resolution of the same could have a material effect on the administration of the case or claims against the bankruptcy estate, but such a claim could exist outside of bankruptcy." See Customized Distrib., LLC v. Coastal Bank & Tr. (In re Lee's Famous Recipes, Inc.), Adv. No. 11-5482, 2011 WL 7068916, at *3 (Bankr. N.D. Ga. Dec. 12, 2011) (citing Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 104 (Bankr. D. Del. 2008)). In Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), the Third Circuit Court of Appeals announced a test for determining if "related to" jurisdiction exists. The court explained that a civil proceeding is related to a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Id. at 994. The Eleventh Circuit has adopted the Pacor test with little or no variation. Celotex, 514 U.S. at 308; see e.g., Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990).

However, "related to" jurisdiction is not boundless. "Bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets, but it cannot be extended beyond its purpose." Lemco Gypsum, 910 F.2d at 789. As explained by one court, "'[r]elated to' jurisdiction is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy." Harlan v. Rosenberg & Assocs., LLC

(In re Harlan), 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (citations omitted). A case that has common issues of fact with a bankruptcy case does not automatically establish related to jurisdiction; the resolution must also affect the bankruptcy estate. See HOC, Inc. v. McAllister (In re McAllister), 216 B.R. 957, 966 (Bankr. N.D. Ala. 1998) ("Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate."). Thus, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Celotex, 514 U.S. at 308.

Plaintiff's claims against the DeKalb County, Georgia Parties do not arise under the Bankruptcy Code, or in a case under title 11, and are not related to the Bankruptcy Case. These causes of action are not created by the Bankruptcy Code and can and did arise in another forum. The complaint, as amended, challenges the actions of the DeKalb County, Georgia Parties in non-bankruptcy forums and alleges the DeKalb County, Georgia Parties violated Plaintiff's rights by issuing writs and allowing eviction proceedings to proceed as to properties at 6433 Parkway Trace, Lithonia, Georgia; 5725 Cape Cod Lane, Lithonia, Georgia; and 4596 Meadow Creek Path, Lithonia, Georgia.

In the Debtor's bankruptcy case, the Chapter 7 Trustee filed a notice that he did not intend to pursue the liquidation of any assets and had no interest in these properties and claims related to them. The Chapter 7 Trustee's report of no distribution indicated the Debtor's bankruptcy estate had been fully administered and the property, would shortly cease to be property of the estate. The Court also considered requests for relief from the stay and granted stay relief as to 4596 Meadow Creek Path (Bankr. Doc. No. 27) and 6433 Parkway Trace (Bankr. Doc. No. 53). Based on the facts available to the Court, the resolution of the claims asserted in this case would not impact

14

Plaintiff's bankruptcy estate. The complaint as to the DeKalb County, Georgia Parties is not "related to" the Bankruptcy Case and the Court does not have jurisdiction over it.

**Abstention**

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c). Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. The outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. A no asset corporate Chapter 7 case,

15

like HRN's case, serves no bankruptcy purpose. The only purpose of a corporate chapter 7 case is to permit the fair and orderly liquidation of corporate assets. Where there are no assets of the estate that can be distributed to creditors, the case serves no bankruptcy purpose. See In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) (citing In re American Telecom Corp., 304 B.R. 867, 869-70 (Bankr. N.D. Ill. 2004)); see also In re Lang, 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law." The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. As there are no assets to distribute to creditors, the Debtor's corporate chapter 7 case serves no bankruptcy purpose. This adversary proceeding would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case.

Moreover, issues relating to dispossessory proceedings, and the handling of those proceedings, can be resolved in another forum. Plaintiff challenges the issuance of various writs by the DeKalb County, Georgia Parties. Those documents, and the process by which they were obtained, are open to reversal or modification in an appropriate and timely state court appellate proceeding. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); In re Uni-Marts, LLC, 404 B.R. 767, 788 (Bankr. D. Del. 2009). The Court is confident the state courts can adjudicate the claims. Further, abstention is appropriate where, as here, an action alleges that a state court violated the Constitution. Howlett v. Rose, 496 U.S. 356, 369-370, n. 16 (1990). Because Plaintiff can pursue a determination about the actions by the DeKalb County, Georgia

16

Parties in a court with jurisdiction, it is inappropriate for the Court to entertain Plaintiff's claims against the DeKalb County, Georgia Parties.

Additionally, Plaintiff has demanded a jury trial. Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court. Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint, as amended, is **DISMISSED** as to the DeKalb County, Georgia Parties.

### END OF DOCUMENT

John K. Rezac
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038