**IT IS ORDERED as set forth below:**

**Date: January 27, 2020**

_Wendy L. Hagenau_

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-63282-WLH |
| HRN GROUP, LLC, | CHAPTER 7 |
| Debtor, | |

| | |
|---|---|
| HRN GROUP, LLC, | AP NO. 19-5312-WLH |
| Plaintiff, | |
| v. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A, BANK OF AMERICA, N.A., AND CARRINGTON MORTGAGE SERVICES, ET AL, | |
| Defendants. | |

### ORDER DISMISSING CASE AS TO WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A,  BANK OF AMERICA, N.A., AND CARRINGTON MORTGAGE SERVICES

1

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("Wilmington Savings"), Bank of America, N.A. ("BOA"), and its servicer Carrington Mortgage Services ("Carrington") (collectively the "Wilmington Defendants") (Doc. No. 20), as amended at Doc. No. 23 (the "Motion").

HRN Group, LLC ("HRN") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 7, 2018.  On September 26, 2019, Wilmington filed a motion for relief from stay with respect to the property located at 6236 Katelyn Park, Lithonia, Georgia 30058 ("Wilmington MFR") (Doc. No. 76).  The motion alleged that 126 payments on the loan secured by the property were missed.  A hearing was scheduled on the motion for October 17, 2019.  The same day of the hearing, Ms. Morton, allegedly on behalf of the Debtor, filed an Affidavit of Opposition to Motion for Relief from Automatic Stay (Doc. No. 80) in which she contended Wilmington was not the true holder of the note and security deed and should not be permitted relief from the stay.  At the hearing on October 17, 2019, Ms. Morton contended again that the Movant was not the holder of the note authorized to foreclose.  After hearing argument from counsel for Wilmington and from Ms. Morton, the Court found that Wilmington had established a colorable claim for relief and granted the Wilmington MFR.  An appeal has been taken from this order.

On October 1, 2019, Danitta-Ross a.k.a. Danitta-Ross: Morton, purportedly on behalf of HRN, filed the complaint against the Wilmington Defendants and others.  Liberally construed, the complaint in Count 3 alleges fraudulent actions in the chain of title and challenges the Wilmington Defendants right to seek relief from the stay and take collection actions as to the property at 6236 Katelyn Park.  Plaintiff asks the Court to reverse its prior order and seeks an injunction against the disposition of the property at 6236 Katelyn Park.  Carrington is merely referenced as a subsequent

servicer in Count 3.  Count 5 mentions BOA, stating it has alleged it is a servicer for property at 5801 Rock Springs Road, Lithonia, Georgia 30038, but does not allege BOA engaged in any wrongful conduct.  Plaintiff also seeks in its general conclusion an order requiring all credit reporting agencies to correct all negative information regarding the properties.

Without seeking leave of the Court, Ms. Morton filed an Affidavit to Amendment to Adversary Complaint on December 12, 2019 (Doc. No. 48).  Count 7 of the amended complaint mentions BOA and contends it lacked standing to foreclose and take other collection actions for property at 5725 Cape Code Lane, Lithonia, Georgia 30038.  Count 12 alleges BOA lacked standing to seek relief as to property at 5801 Rock Springs Road, Lithonia, Georgia 30038.

The Wilmington Defendants filed the Motion seeking dismissal of the complaint with prejudice alleging it 1) fails to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure, 2) is an improper "shotgun pleading" under Fed. R. Bankr. P. 7008, and 3) the Court does not have subject matter jurisdiction.  The Wilmington Defendants also asked the Court to abstain from the complaint.  Plaintiff filed a response on December 2, 2019 (Doc. No. 39), to which the Wilmington Defendants filed a reply (Doc. No. 51).

**Judicial Notice**

The Wilmington Defendants ask the Court to take judicial notice of various documents. Pursuant to Fed. R. Evid. 201(b), the Court can take judicial notice of its own docket and the contents of documents filed in the case and may do so without converting a motion to dismiss into a motion for summary judgment.  See Sciortino v. Gwinnett Cty. Dep't of Water Res. (In re Sciortino), 561 B.R. 260, 271 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.) (citing Fed. R. Evid. 201(b)(2); U.S. v. Rey, 811 F.2d 1453 , 1457 n.5 (11th Cir. 1987) ("A court may take judicial

notice of its own records")).  As the Eleventh Circuit has explained, "[i]n determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record . . . may be taken into account."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999) (citations omitted).  Thus, courts may review matters of public record, such as public SEC records, in ruling on motions to dismiss and have expressly relied on the information contained in those records as a basis for their rulings.  See id.  Courts may also consider documents central to the plaintiff's claim and undisputed, meaning the authenticity of the document is not challenged.  See Ricketts v. Bank of America, N.A., Civil Action No. 1:12-CV-04034-RWS, 2013 WL 3191077, at*1 n.1 (N.D. Ga. June 21, 2013) (taking notice of public records not attached to the complaint, including a security deed, when considering a motion to dismiss).

The Court will take judicial notice of the docket of HRN's chapter 7 case maintained by the clerk of this Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the chapter 7 case.  As to the remaining documents, Ms. Morton vehemently contests the standing of the Wilmington Defendants and their collection activities relating to the property at 6236 Katelyn Park.  As such, it appears the authenticity of the loan documents may be in question.  Accordingly, the Court declines to take judicial notice of the other documents (Exhibits A – F) listed in the Wilmington Defendants' Request for Judicial Notice (Doc. No. 21), as amended (Doc. No. 25), in considering the Motion.

**Timeliness of Motion**

Ms. Morton contends the Motion is not timely because it was not filed within the 30-day time period for a defendant to answer a complaint.  The Court disagrees.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(a), a defendant's obligation to answer a complaint is not triggered until the complaint is duly served. Fed. R. Bankr. P. 7012(a) ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."); see also In re Campbell, No. 16-80837, 2017 WL 2870132, at *4 (Bankr. W.D. La. July 5, 2017). Being "duly served" means in due or proper form or according to legal requirements. In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within 7 days after the issuance of the summons.

Bankruptcy Rule 7004 provides service in an adversary proceeding must be made in a particular manner. A party must strictly comply with Bankruptcy Rule 7004 in effectuating service of process. See PNC Mortgage v. Rhiel, Nos. 2:10-cv-578, 2:10-cv-579, 2011 WL 1043949, at *5 (S.D. Ohio Mar. 18, 2011) (holding that the bank's actual notice of the adversary proceeding did not cure the defect in service); see also Walker v. U.S. Bank N.A. (In re Walker), No. 14-61060-MGD, 2015 WL 728691 (Bankr. N.D. Ga. Jan. 15, 2015). Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a pro se litigant must still follow procedural rules. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming district court order dismissing complaint where pro se plaintiff failed to properly effect service on the defendant). Without proper service, a defendant cannot be said to have failed to plead or otherwise defend. See Tompkins & Assocs. v. Mack (In re Mack), Adv. No. 03-9208-JEM, 2004 WL 5848040 (Bankr. N.D. Ga. Mar. 12, 2004) (finding that defendant

5

was not in default where service was insufficient and denying plaintiff's motion for default judgment); see also Lindsay v. Beggins (In re Lindsay), Nos. 17-65425-WLH, 17-5265-WLH, 2018 WL 1508552 (Bankr. N.D. Ga. Mar. 26, 2018).

The complaint was filed on October 1, 2019, and a summons was issued on October 2, 2019. The certificate of service attached to the complaint indicates a copy of the complaint was served by United States mail on Carrington Mortgage Services, LLC at 1600 South Douglass Rd., Ste. 200A, Anaheim, CA 92806. The certificate of service does not state a copy of the summons was served with the complaint and, since the certificate is dated before the issuance of the summons, it could not apply to service of a summons. Carrington Mortgage Services, LLC is a corporate entity and Bankruptcy Rule 7004 requires service to an officer or registered agent. Fed. R. Bankr. P. 7004(b)(3). This rule requires a plaintiff to mail the process to the corporation's actual address and to a named individual. In re Faulknor, No. 04-43921-PWB, 2005 WL 102970, *2 (Bankr. N.D. Ga. Jan. 18, 2005). Service was not addressed to an officer or agent of Carrington; in fact, no individual was named. Accordingly, Plaintiff failed to properly serve process on Carrington.

The certificate of service states BOA was served at Bank of America, N.A., 6860 Argonne Street, Unit A, Denver, CO 80249. Again, the certificate is only for service of the complaint, not the summons. BOA is an insured depository institution, as defined in section 3 of the Federal Deposit Insurance Act, and 7004(h) requires service be by certified mail addressed to an officer of the institution unless one of three exceptions, none of which are applicable here, is met.[1]

---

[1] BOA is an insured depository institution, as defined in section 3 of the Federal Deposit Insurance Act, and 7004(h) requires that service on an insured depository institution:

shall be made by certified mail addressed to an officer of the institution unless—

According to the certificate of service, service was by United States, not certified mail.  Service was also not addressed to an officer of BOA; in fact, no individual was named.  None of the three statutory exceptions in Rule 7004(h) applies and Plaintiff has not served BOA by certified mail addressed to an officer of the institution.  Accordingly, Plaintiff failed to properly serve process on BOA as required by the Bankruptcy Rules.

Finally, Wilmington is not listed on the certificate of service of the complaint.  It thus appears Plaintiff failed to properly serve the complaint or summons on Wilmington as required by the Bankruptcy Rules.

It does not appear the summons and complaint were served on the Wilmington Defendants as required by the Bankruptcy Rules.  Because the Wilmington Defendants were not properly served, they were not obligated to answer the complaint and the Motion is properly before the court.

## **Dismissal**

### Failure to Comply with Rule 8

The Wilmington Defendants seek dismissal of the complaint pursuant to Fed. R. Civ. P. 8, made applicable to this case by Fed. R. Bankr. 7008, for failing to satisfy basic pleading standards.  Rule 8 of the Federal Rules of Civil Procedure provides that "each allegation must be simple,

---

(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;

(2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

(3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Fed. R. Bankr. P. 7004(h).  The certificate of service does not purport to serve an attorney for BOA, the Court has not permitted service on BOA by first class mail, and BOA has not waived in writing its entitlement to service by certified mail.  Thus, it appears that none of the exceptions to Bankruptcy Rule 7004(h) apply.

concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint must include more than "'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 557)).  To properly comply with Rule 8(a), made applicable by Fed. R. Bankr. P. 7008, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth "enough factual matter (taken as true) to suggest [each] required element."  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).

The complaint fails to satisfy the requirements of Rule 8.  The complaint does not include a clear recitation of claims and asserts that multiple parties committed certain acts without identifying *which* party engaged in *what* conduct specifically.  Count 3 challenges Wilmington's standing and right to seek relief from the stay and take collection actions as to the property at 6236 Katelyn Park, alleging fraudulent actions in the chain of title.  Carrington is merely referenced as a subsequent servicer in Count 3.  The complaint does not allege Carrington engaged in any wrongful conduct, and the Court cannot find any discernable claims pled as to Carrington.  Count 5 mentions BOA, stating it has alleged it is a servicer for property at 5801 Rock Springs Road, Lithonia, Georgia 30038, but does not articulate the wrongful conduct in which BOA allegedly engaged.  The amended complaint mentions BOA in Counts 7 and 12, but it is not clear the wrongful conduct – if any –in which BOA allegedly participated.  The complaint and amended complaint are both full of conclusory, vague, and immaterial facts and the "conclusion" of both cite a number of statutes which the respondents are alleged to have violated without specifying how they violated the statutes.

The allegations are in the nature of a shotgun pleading and do not adequately plead a claim against the Wilmington Defendants.  A shotgun pleading fails in one way or another to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (identifying four rough types or categories of shotgun pleadings); see Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n. 8 (11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); see also Boatman v. Town of Oakland, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested as a shotgun pleading).  As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.

Although Plaintiff is proceeding in this action *pro se*, that does not relieve it of the requirement of drafting a well-pleaded complaint.  While courts typically afford *pro se* plaintiffs more latitude with regard to pleading standards, "[e]ven a *pro se* litigant is required to comply with the rules of procedure."  LaCroix, 627 Fed.App'x. at 818; see also Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting that a "court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").  The complaint therefore fails to meet the pleading standards of Fed. R. Bankr. P. 7008.

Failure to State a Claim

The Wilmington Defendants alternatively seek dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

9

Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged.  Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case.  Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief.  Twombly, 550 U.S. at 561.  The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits.  Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

### i) Stay Relief

With these pleading standards in mind, the complaint falls short of plausibly demonstrating the Wilmington Defendant's alleged liability.  Plaintiff seems to contend the Wilmington MFR should not have been granted because the movants lacked standing.  The Court's granting of the Wilmington MFR was not a finding on the validity of the arguments of the parties on the underlying issue.  The purpose of a relief from stay proceeding is simply to determine "whether a creditor has a colorable claim to property of the estate."  Grella v. Salem Five Cent Bank, 42 F.3d 26, 32 (1st Cir. 1994); In re Lebbos, 455 B.R. 607, 615 (Bankr. E.D. Mich. 2011); In re Fontaine, 2011 WL 1930620 (Bankr. N.D. Ga. April 12, 2011).  "[T]he decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere."  Grella, 42 F.3d at 34.

10

The Court found Wilmington established a colorable claim for relief.  The Court's ruling did not determine that HRN has no defense or deprive HRN or Ms. Morton of any right to contest in another court the authority of the moving parties to conduct the foreclosure or dispossessory action.  The Court simply ruled that the bankruptcy estate has no further interest in the property or the outcome of the dispute, and the dispute was best left to other courts to resolve.

The Wilmington MFR has been appealed.  "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the [lower] court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985), reh'g denied, 471 U.S. 1062 (1985).  The lower court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded.  Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990).  A lower court "does not act in aid of the appeal when it 'alter[s] the status of the case as it rests before the court of appeals.'"  Amarin Pharm. Ir., Ltd. v. FDA, 139 F. Supp. 3d 437, 440 (D.D.C. 2015) (citations omitted).  Because an appeal of the order granting the Wilmington MFR was filed, this Court is divested of jurisdiction to determine the aspects of the complaint challenging that order in the absence of authorization from the District Court.  As such, dismissal of those allegations is appropriate.

ii) Reconsideration

Although Plaintiff did not cite to it, Plaintiff's claim could be construed as a request to reconsider the Court's order granting stay relief.  To the extent the complaint could be construed as a motion under Bankruptcy Rule 9023 to reconsider the court's earlier orders, it must be denied as untimely.  Under Bankruptcy Rule 9023, motions to reconsider must be filed within 14 days of

11

entry of the judgment.  See State of Fla. Dept. of Rev. v. Brandt (In re Southeast Bank Corp.), 97 F.3d 476, 478 (11th Cir. 1996).  Plaintiff's request is not timely under Bankruptcy Rule 9023, so it must proceed under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60.  Garcia v. Rushmore Loan Mgmt. Servs. (In re Garcia), Nos. 15-10374 BKT, 16-00094, 2017 WL 2062866, at *1 (Bankr. D.P.R. May 12, 2017).  It must be denied, however, because it fails to set forth any cognizable grounds for relief under Fed. R. Civ. P. 60.  Plaintiff's complaint does not state a basis for reconsidering the Court's order on the Wilmington MFR.  As stated above, the order did not adjudicate Wilmington's standing or any defenses of the Debtor, but the Court allowed those claims to proceed in another jurisdiction.  The Trustee of the bankruptcy estate stated no interest in the property and no bankruptcy purpose would be served by this Court adjudicating those rights.

Wilmington presented a colorable claim it was the holder of the note, but any defense of the Debtor to Wilmington's standing including allegations of fraud in the chain of title are preserved for the appropriate non-bankruptcy forum.  Because of the appeal of the Court's order granting stay relief on the Wilmington MFR, the Court does not have jurisdiction to consider a request to reconsider it.

Beyond complaining about the Court granting the Wilmington MFR, the complaint fails to provide the Wilmington Defendants with fair notice of what the claim is and the grounds upon which it rests and makes it impossible for the Court and the Wilmington Defendants to discern which allegations are brought against the Wilmington Defendants.  As discussed above, the only allegation as to Carrington is a reference in Count 3 to it being a servicer, but no wrongful acts are alleged.  BOA is referenced in Counts 5, 7, and 12, but again no specific acts are identified, and no specific claims are alleged.  Consequently, Plaintiff has failed to state claims in accordance with the pleading requirements in accordance with Rule 12(b)(6) and the complaint should be

12

dismissed.

<u>Jurisdiction</u>

The Wilmington Defendants also assert the Court lacks subject matter jurisdiction over this proceeding and seek dismissal of the Complaint pursuant to of Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. <u>Walden v. Walker</u>, 515 F.3d 1204, 1210 (11th Cir. 2008) (internal citations omitted).

Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 1334, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The bankruptcy court's jurisdiction is derivative of and dependent upon these bases. <u>Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)</u>, 170 F.3d 1340, 1344 (11th Cir. 1999) (citing <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300 (1995)). Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b), this Court may exercise jurisdiction in three categories of civil proceedings: those that arise under title 11, those that arise in cases under title 11, and those that relate to cases under title 11. <u>Toledo</u>, 170 F.3d at 1344.

The first category of cases, "arising under" proceedings, are matters invoking a substantive right created by the Bankruptcy Code. <u>Id.</u> at 1345. Such matters are considered core proceedings. <u>Id.</u> at 1348 (citing <u>Wood v. Wood (In re Wood)</u>, 825 F.2d 90, 97 (5th Cir. 1987)). The second category, "arising in a case under title 11," is thought to involve administrative-type matters or matters that could arise only in bankruptcy, such as filing a proof of claim or an objection to the discharge of a particular debt. <u>See id.</u>; <u>see also</u> 28 U.S.C. § 157(b)(2). The definition covers claims that "are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy." <u>Baker v. Simpson</u>, 613 F.3d 346, 350-51 (2d Cir. 2010)

13

(citing In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)).   These matters also constitute core proceedings.  Alternatively, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding."  Toledo, 170 F.3d at 1348 (citing Wood, 825 F.2d at 97).  A bankruptcy court may still have jurisdiction over a non-core matter if it is otherwise related to the bankruptcy proceeding. 28 U.S.C. § 157(c)(1).

Matters relate to a case under title 11 "where resolution of the same could have a material effect on the administration of the case or claims against the bankruptcy estate, but such a claim could exist outside of bankruptcy."  See Customized Distrib., LLC v. Coastal Bank & Tr. (In re Lee's Famous Recipes, Inc.), Adv. No. 11-5482, 2011 WL 7068916, at *3 (Bankr. N.D. Ga. Dec. 12, 2011) (citing Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 104 (Bankr. D. Del. 2008)).  In Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), the Third Circuit Court of Appeals announced a test for determining if "related to" jurisdiction exists.  The court explained that a civil proceeding is related to a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."  Id. at 994.  The Eleventh Circuit has adopted the Pacor test with little or no variation. Celotex, 514 U.S. at 308; see e.g., Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990).

However, "related to" jurisdiction is not boundless.  "Bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets, but it cannot be extended beyond its purpose."  Lemco Gypsum, 910 F.2d at 789.  As explained by one court, "'[r]elated to' jurisdiction is not so broad as to encompass litigation of claims arising under state law or non-bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply

14

because one of the litigants filed a petition in bankruptcy." Harlan v. Rosenberg & Assocs., LLC (In re Harlan), 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (citations omitted).  A case that has common issues of fact with a bankruptcy case does not automatically establish related to jurisdiction; the resolution must also affect the bankruptcy estate. See HOC, Inc. v. McAllister (In re McAllister), 216 B.R. 957, 966 (Bankr. N.D. Ala. 1998) ("Overlap between the bankrupt's affairs and another dispute is insufficient unless its resolution also affects the bankrupt's estate."). Thus, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Celotex, 514 U.S. at 308.

Plaintiff has not established its claims arise under the Bankruptcy Code, or in a case under title 11, or are related to the Bankruptcy Case.  Plaintiff appears to challenge Wilmington's standing to foreclose on the property at 6236 Katelyn Park and BOA's standing with respect to property at 5725 Cape Cod Lane.  These are not causes of action created by the Bankruptcy Code and do not arise only in bankruptcy proceedings.  Indeed, as the Court has stated, the Debtor can assert its rights and contest the underlying merits in another forum.  Accordingly, this matter does not fall within either of the first two categories under § 1334, and the Court lacks jurisdiction over Plaintiff's claims if they are not "related to" its bankruptcy case.

Having considered the complaint and the facts concerning the Bankruptcy Case, the Court concludes that the relief sought in the complaint is not "related to" the Bankruptcy Case.  The Bankruptcy Case is a liquidation case, rather than a reorganization case.  The Chapter 7 Trustee has filed a notice that he did not intend to pursue the liquidation of any assets.  The Trustee clearly had no interest in the property that was the subject of the Wilmington MFR, in any of the other properties listed on the Debtor's schedules, or in any damages that may be owed to Plaintiff as a result of the Wilmington Defendants' conduct.  Moreover, the Debtor is not entitled to a discharge.

11 U.S.C. § 727(a)(1).  Based on the facts available to the Court, the resolution of the claims asserted in this case would not impact Plaintiff's bankruptcy estate.  The complaint as to the Wilmington Defendants is not "related to" the Bankruptcy Case and the Court does not have jurisdiction over it.

Lack of Counsel

Dismissal of the complaint is also appropriate because Plaintiff is not an individual and does not have counsel.  It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney.  National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1984).  While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons."  In Palazzo v. Gulf Oil Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se."  This is true even when the person seeking to represent the corporation is its president or major shareholder.  As the Court has explained on several occasions, a Georgia limited liability company is a corporation and requires separate representation.  See Winzer v. EHCA Dunwoody, LLC, 277 Ga. App. 710, 713-14 (2006) (cites omitted).

HRN Group, LLC is a different entity from Ms. Morton, and it must have representation in order to participate in court proceedings.  The Court has informed Ms. Morton of this numerous times.  On September 25, 2018, the Court entered an Order to show cause why the case should not be dismissed, directing the Debtor to retain counsel or appear before the Court on October 4, 2018, to explain the lack of counsel.  In that notice, the Court cited to numerous Eleventh Circuit cases requiring a corporation to appear through an attorney.  Ms. Morton appeared at a hearing on

September 27, 2018. The Court informed her that since the Debtor was a corporation, it needed

an attorney in order to participate in any court proceedings. Nevertheless, the Court allowed her

to speak that day with the admonition that the Debtor must retain counsel for any future hearings

and that Ms. Morton would not be allowed to speak on behalf of the corporate Debtor. Ms. Morton

argued the Debtor was a limited liability company and not a corporation and that the Debtor need

not obtain counsel. The Court disagreed with her position. At the Show Cause hearing on October

4, the Debtor did not appear with counsel. Instead, Ms. Morton again appeared and stated her

contention that a limited liability company was not a corporation and the Debtor was not required

to obtain counsel. The Court reiterated that counsel was required, citing several Eleventh Circuit

and other court decisions to that effect. Nevertheless, the Court gave the Debtor until October 24,

2018 to obtain counsel. On October 24, 2018, Kim King appeared as counsel on behalf of the

Debtor.

On March 1, 2019, Ms. King filed a motion to withdraw as attorney of record for the

Debtor. The motion to withdraw omitted several items required under the local bankruptcy rules,

and it was not immediately granted. At the hearing on March 7, 2019, Ms. King appeared to

explain to the Court that she had requested to withdraw. On September 26, 2019, Ms. King

appeared at a hearing and reiterated her need to withdraw as counsel for the Debtor. Ms. Morton,

as the sole member of the Debtor, agreed that Ms. King could withdraw, and the Court permitted

her withdrawal at that time. The Court reminded Ms. Morton of the earlier hearings and rulings

requiring the Debtor to obtain counsel in order to participate in Court hearings. Nevertheless, the

Debtor has not retained counsel and Ms. Morton continues to file documents on her own allegedly

on behalf of the Debtor. Because the Debtor does not have counsel in this adversary proceeding,

it cannot participate and dismissal is appropriate.

Prejudice

While the Wilmington Defendants seek dismissal with prejudice, the presumption is in favor of a dismissal without prejudice.  "[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the [ . . .] court specifically finds that lesser sanctions would not suffice."  Dinardo v. Palm Beach County Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (internal quotations and citations omitted) (emphasis in original); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (explaining dismissal with prejudice is considered a "sanction of last resort").  Dismissal is warranted because the complaint does not state a claim for relief, the Court lacks subject matter jurisdiction, and Plaintiff does not have counsel, but the extreme circumstances necessary for dismissal with prejudice are not present in this case.

**Abstention**

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).  Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law."  Id.  Courts may exercise their authority to abstain *sua sponte*.  Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate.  Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main

18

bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. First, state law issues predominate the bankruptcy issues and this proceeding is, at best, loosely related to Plaintiff's bankruptcy case. Plaintiff appears to contest the Wilmington Defendants ability to foreclose. This is not a cause of action created by the Bankruptcy Code and does not arise only in bankruptcy proceedings. Indeed, wrongful foreclosure actions can and do exist outside the bankruptcy context.

Further, the outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. A no asset corporate chapter 7 case, like HRN's case, serves no bankruptcy purpose. The only purpose of a corporate Chapter 7 case is to permit the fair and orderly liquidation of corporate assets. Where there are no assets of the estate that can be distributed to creditors, the case serves no bankruptcy purpose. See In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) (citing In re American Telecom Corp., 304 B.R. 867, 869-70 (Bankr. N.D. Ill. 2004)); see also In re Lang, 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law."

19

The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. As there are no assets to distribute to creditors, the Debtor's corporate chapter 7 case serves no bankruptcy purpose.  This case would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case.  Similarly, the bankruptcy estate will not be impacted in any way if the Wilmington Defendants are ordered to correct any credit reporting made with regard to the Property.  Landy v. H&R Block Mortg., LLC (In re Landy), No. 18-55697-LRC, 2019 WL 6112333, at *2 (Bankr. N.D. Ga. Nov. 15, 2019).

Moreover, any issues regarding the state court proceedings relating to 6236 Katelyn Park can be resolved in another forum, and Plaintiff can pursue a determination of its property interests in a court with jurisdiction.  Additionally, Plaintiff has demanded a jury trial.  Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court.  Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** as to the Wilmington Defendants.

<u>**END OF DOCUMENT**</u>

**<u>Distribution List</u>**

Brian K. Jordan
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038