**IT IS ORDERED as set forth below:**

**Date: January 27, 2020**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> HRN GROUP, LLC, <br><br> Debtor, | CASE NO. 18-63282-WLH <br><br> CHAPTER 7 |
| HRN GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> O'KELLEY & SOROHAN, ATTORNEYS AT LAW, LLC, MEHBOOB OMAR, AND PRESTIGE HOME INVESTMENTS, LLC, ET AL., <br><br> Defendants. | AP NO. 19-5312-WLH |

**ORDER DISMISSING CASE AS TO O'KELLEY & SOROHAN, ATTORNEYS AT LAW, LLC, MEHBOOB OMAR, AND PRESTIGE HOME INVESTMENTS, LLC**

1

**THIS MATTER** is before the Court on O'Kelley & Sorohan, Attorneys at Law, LLC ("O'Kelley"), Mehboob Omar, and Prestige Home Investments, LLC ("Prestige") (collectively the "O'Kelley Defendants")'s Motion to Dismiss (Doc. No. 22) (the "Motion").

HRN Group LLC ("HRN") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 7, 2018. The Debtor's schedules and statement of financial affairs were incomplete and notably did not list an interest in real property at 6433 Parkway Trace, Lithonia, Georgia (the "Property"). JPMorgan proceeded with a foreclosure sale of the Property scheduled for September 4, 2018.

Ms. Morton, allegedly on behalf of the Debtor, filed a "Notice of Complaint for Violations of Automatic Bankruptcy Stay, Damages and Sanctions Against Creditor for Willful Violation Pursuant to section 362(a)(h)(k)." The document was directed at JPMorgan and its law firm, McCalla, and related to an alleged post-petition foreclosure of the Property (Bankr. Doc. No. 16). In response, McCalla, on behalf of JPMorgan, filed a motion seeking to have the stay annulled *nunc pro tunc* in order to validate the sale of the Property ("JPMorgan MFR") (Bankr. Doc. No. 21). The motion recited that the Property has been subject to numerous property transfers and the current case was the seventh bankruptcy case affecting the property. The motion also alleged the loan on the Property was 25 payments delinquent. In the meantime, the Chapter 7 Trustee indicated he had no interest in the Property. See Trustee's Response to Order to Show Cause Why Case Should Not Be Dismissed (Bankr. Doc. No. 29). The Court held an evidentiary hearing on the JPMorgan MFR on December 11, 2018 at which Ms. Morton appeared. At the conclusion of the hearing, the Court denied HRN's motion for damages for any stay violation and granted the JPMorgan MFR, annulled the stay *nunc pro tunc* to the date of the bankruptcy filing, deemed the foreclosure sale valid to the extent it was otherwise valid under Georgia law, and made findings

that the bankruptcy case was filed to delay, hinder, and/or defraud a creditor as contemplated by 11 U.S.C. § 362(d)(4)(b).  (Bankr. Docs. Nos. 52 and 53.)  No appeal was taken from the orders.

On October 1, 2019, Danitta-Ross a.k.a. Danitta-Ross: Morton, purportedly on behalf of HRN filed the complaint against the O'Kelley Defendants and others.  The complaint does not include a clear recitation of claims.  Liberally construed, the complaint in Count 2 challenges the O'Kelley Defendants' right to have purchased the Property at foreclosure and sought eviction as to the Property.  Plaintiff asks the Court to reverse its prior order and seeks an injunction against the disposition of the Property.  Plaintiff also seeks in its general conclusion an order requiring all credit reporting agencies to correct all negative information regarding the Property.

The O'Kelley Defendants filed the Motion seeking dismissal of the complaint because, inter alia, the O'Kelley Defendants were not properly served, Plaintiff is not represented by counsel, and the complaint fails to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff filed a response in opposition to the Motion signed by Ms. Morton (Doc. No. 38).

**Dismissal**

Lack of Counsel

The O'Kelley Defendants seek dismissal of the complaint because the Plaintiff is not an individual and does not have counsel.  It is well established in the Eleventh Circuit that a corporation may not appear in federal court without an attorney.  National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1984).  While individual parties may plead and conduct their own cases personally pursuant to 28 U.S.C. § 1654, a corporation and its sole shareholder are still "separate legal persons."  In Palazzo v. Gulf Oil

3

Corporation, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986), the Eleventh Circuit confirmed that because a corporation is an artificial entity that can only act through agents, it simply cannot appear in court acting "pro se." This is true even when the person seeking to represent the corporation is its president or major shareholder. As the Court has explained on several occasions, a Georgia limited liability company is a corporation and requires separate representation. See Winzer v. EHCA Dunwoody, LLC, 277 Ga. App. 710, 713-14 (2006) (cites omitted).

HRN is a different entity from Ms. Morton, and it must have representation in order to participate in court proceedings. The Court has informed Ms. Morton of this numerous times. On September 25, 2018, the Court entered an Order to show cause why the case should not be dismissed, directing the Debtor to retain counsel or appear before the Court on October 4, 2018, to explain the lack of counsel. In that notice, the Court cited to numerous Eleventh Circuit cases requiring a corporation to appear through an attorney. Ms. Morton appeared at a hearing on September 27, 2018. The Court informed her that since the Debtor was a corporation, it needed an attorney in order to participate in any court proceedings. Nevertheless, the Court allowed her to speak that day with the admonition that the Debtor must retain counsel for any future hearings and that Ms. Morton would not be allowed to speak on behalf of the corporate Debtor. Ms. Morton argued the Debtor was a limited liability company and not a corporation and that the Debtor need not obtain counsel. The Court disagreed with her position. At the Show Cause hearing on October 4, the Debtor did not appear with counsel. Instead, Ms. Morton again appeared and stated her contention that a limited liability company was not a corporation and the Debtor was not required to obtain counsel. The Court reiterated that counsel was required, citing several Eleventh Circuit and other court decisions to that effect. Nevertheless, the Court gave the

Debtor until October 24, 2018 to obtain counsel. On October 24, 2018, Kim King appeared as counsel on behalf of the Debtor.

On March 1, 2019, Ms. King filed a motion to withdraw as attorney of record for the Debtor. The motion to withdraw omitted several items required under the local bankruptcy rules, and it was not immediately granted. At the hearing on March 7, 2019, Ms. King appeared to explain to the Court that she had requested to withdraw. On September 26, 2019, Ms. King appeared at a hearing and reiterated her need to withdraw as counsel for the Debtor. Ms. Morton, as the sole member of the Debtor, agreed that Ms. King could withdraw, and the Court permitted her withdrawal at that time. The Court reminded Ms. Morton of the earlier hearings and rulings requiring the Debtor to obtain counsel in order to participate in Court hearings. Nevertheless, the Debtor has not retained counsel and Ms. Morton continues to file documents on her own allegedly on behalf of the Debtor. Because the Debtor does not have counsel in this adversary proceeding, it cannot participate and dismissal is appropriate.

Service

The O'Kelley Defendants assert the complaint should be dismissed for insufficient service. The Supreme Court has held that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). In an adversary proceeding, a plaintiff must serve on a defendant the summons, along with a copy of the complaint, and file proof of service of the same, in accordance with the Federal Rules of Bankruptcy Procedure. Pursuant to Bankruptcy Rule 7004(e), service must be made within 7 days after the issuance of the summons. If service is not made within that time period, service is insufficient and the Court may not exercise personal jurisdiction over the defendant.

Bankruptcy Rule 7004 also provides service in an adversary proceeding must be made in a particular manner. A plaintiff must serve "a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Bankr. P. 7004(b)(3). This rule requires a plaintiff to mail the process to the corporate entity's actual address and to a named individual. In re Faulknor, No. 04-43921-PWB, 2005 WL 102970, *2 (Bankr. N.D. Ga. Jan. 18, 2005) (finding service to the attention of an officer, without specifically naming the individual, fails to comply with Rule 7004 and the constitutional requirements of due process).

A party must strictly comply with Bankruptcy Rule 7004 in effectuating service of process. See PNC Mortgage v. Rhiel, Nos. 2:10-cv-578, 2:10-cv-579, 2011 WL 1043949, at *5 (S.D. Ohio Mar. 18, 2011) (holding that the bank's actual notice of the adversary proceeding did not cure the defect in service); see also Walker v. U.S. Bank N.A. (In re Walker), No. 14-61060-MGD, 2015 WL 728691 (Bankr. N.D. Ga. Jan. 15, 2015). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* litigant must still follow procedural rules. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming district court order dismissing complaint where pro se plaintiff failed to properly effect service on the defendant). Without proper service, a defendant cannot be said to have failed to plead or otherwise defend. See Tompkins & Assocs. v. Mack (In re Mack), Adv. No. 03-9208-JEM, 2004 WL 5848040 (Bankr. N.D. Ga. Mar. 12, 2004) (finding that defendant was not in

default where service was insufficient and denying plaintiff's motion for default judgment); see also. Lindsay v. Beggins (In re Lindsay), Nos. 17-65425-WLH, 17-5265-WLH, 2018 WL 1508552 (Bankr. N.D. Ga. Mar. 26, 2018).

Federal Rule of Bankruptcy Procedure 7004(a) further provides that the summons and complaint must be served within the time period prescribed in Rule 4(m). Rule 4(m) in turn states that service of the summons and complaint must be made within 90 days after the complaint is filed; if service is not made within that time period, the action must be dismissed without prejudice as to the non-served defendant, unless plaintiff can show good cause why such service was not made. Fed. R. Civ. P. 4(m). A plaintiff must demonstrate a showing of diligence and a reasonable effort to effect service. Sullivan v. Hall (In re Hall), 222 B.R. 275, 279 (Bankr. E.D. Va. 1998). A pro se litigant must still follow these procedural rules. Tannenbaum, 148 F.3d at 1263.

A court may "exercise its discretion to deny a motion to dismiss for lack of proper service and permit a plaintiff the opportunity to effectuate proper service, especially when the [ninety-day] period provided by Rule 4(m) for service of a complaint and summons has not yet expired." Houchins v. Wells Fargo Bank, N.A. (In re Houchins), Case No. 14-11928-WHD, Adv. Proc. No. 14-1053-WHD, 2015 WL 730436, at *2 (Bankr. N.D. Ga. Feb. 3, 2015) (Drake, J.); Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a). Upon determining that process has not been properly served, courts have broad discretion to make a determination whether to dismiss the complaint. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).

The complaint was filed on October 1, 2019 and a summons was issued on October 2, 2019. A certificate of service was attached to the complaint stating a copy of the complaint was served by United States mail on Mehboob Omar, Prestige Home Investment, LLC, 3755 Namasco

7

Drive, Suwanee, GA, 30024 and O'Kelley & Sorohan, 2170 Satellite Blvd. Suite 375, Duluth, GA 30097. The certificate of service does not state a copy of the summons was served with the complaint and since it was not issued until October 2, it could not have been included. Further, Prestige and O'Kelley are corporate entities and Bankruptcy Rule 7004 requires service to an officer or registered agent. According to the certificate of service, service was not addressed to an officer or agent of O'Kelley; in fact, no individual was named. While it appears Plaintiff mailed the complaint to Mehboob Omar on behalf of Prestige, he is not a registered agent authorized to receive service on behalf of Prestige, and no evidence or allegation is made that he is an officer. The address for Prestige also appears to be incorrect as it is not the address listed in the online database maintained by the Georgia Secretary of State. Service on Mr. Omar is also insufficient since the complaint and summons were not addressed to his residence or his regular business address as required by Fed. R. Bankr. P. 7004(b)(1).

Further, Plaintiff had 90 days, until December 30, 2019, to properly serve the O'Kelley Defendants with the summons and complaint. Plaintiff failed to do so and has not shown good cause for not timely serving the summons and complaint. In fact, Plaintiff has not provided any explanation for the failure. Plaintiff has had ample opportunity to serve the complaint and summons on the O'Kelley Defendants but has failed to do so and dismissal is warranted.

<u>Failure to State a Claim</u>

The O'Kelley Defendants alternatively seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554,

8

570 (2007)).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged.  Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case.  Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief.  Twombly, 550 U.S. at 561.  The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

With these pleading standards in mind, the complaint falls short of plausibly demonstrating the O'Kelley Defendants alleged liability.  Plaintiff seems to allege the foreclosure sale, at which Prestige purchased the Property, was wrongful.  Plaintiff's claim for wrongful foreclosure must be dismissed because Plaintiff did not tender full payment of the debt due.  Under Georgia law, before a plaintiff is entitled to equitable relief, the plaintiff "must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit."  Sapp v. ABC Credit & Inv. Co., 243 Ga. 151 (1979).  Georgia law requires a party first tender the amount due under the note and security deed before seeking the equitable remedy of wrongful foreclosure.  See Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848 (2003) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain

equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan.")); Smith v. Citizens & S. Fin. Corp., 245 Ga. 850 (1980) (holding owners who did not tender indebtedness secured by deed to secure debt were not entitled to set aside sale under power).

"In order to constitute a proper tender, the tender must be certain and unconditional, and be in full payment of the specific debt." Edward, 534 F. App'x at 892 (citing O.C.G.A. § 13-4-24). Georgia law has consistently held a mere proposal to pay money, with no offer of cash, does not constitute a valid tender. See Angier v. Equitable Bldg. & Loan Ass'n, 109 Ga. 625 (1900) ("There was nothing more than a bare offer or proposition to pay. Nothing was in fact tendered. A proposition to pay and a tender are by no means the same thing. The former may exist without any element of the latter."). Plaintiff does not allege it paid or tendered the amount due on the loan. Plaintiff's wrongful foreclosure claim, therefore, fails and must be dismissed.

Plaintiff also seems to contend the eviction and state court proceedings regarding the Property were wrongfully conducted. For example, Plaintiff contends the O'Kelley Defendants engaged in ex parte communications with the DeKalb County Magistrate Court when seeking a writ of possession regarding the Property. To the extent Plaintiff seeks to challenge the prosecution and outcome of litigation in other forums, it is well settled a "final judgment in a civil action may be challenged on direct review but cannot be collaterally attacked in a subsequent proceeding." In re Uni-Marts, LLC, 404 B.R. 767, 788 (Bankr. D. Del. 2009) (citing Chicot Cty Drainage Dist. V. Baxter State Bank, 308 U.S. 371, 376 (1940) and Stoll v. Gottlieb, 305 U.S. 165, 172 (1938)). Decisions in the state court proceedings are open to reversal or modification in an appropriate and timely appellate proceeding, and this Court lacks the requisite authority to review their decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). As a result, the Court cannot entertain Plaintiff's challenge to the prosecution and outcome of the

eviction proceedings in another court, and the complaint pleads no basis for relief as to the O'Kelley Defendants.

The "conclusion" of the complaint contends all Defendants are liable for damages. Where a complaint fails to state a claim for equitable relief or wrongful foreclosure, related claims for damages and punitive damages are also subject to dismissal. See e.g., Owens v. Bank of Am. N.A., No. 3:15-cv-00065-TCB-RGV, 2015 WL 12507425 (N.D. Ga. Dec. 4, 2015); Puissant v. Bank of Am. Home Loan Serv., No. 5:12-CV-388-MTT, 2013 WL 6383102 (M.D. Ga. Dec. 5, 2013) (granting defendant's motion for judgment on the pleadings where the amended complaint failed to state a claim for relief of wrongful foreclosure and, accordingly, for attorney's fees and punitive damages). Because Plaintiff fails to state a plausible claim for wrongful foreclosure, the related claims for damages and punitive damages against the O'Kelley Defendants also fail.

The "conclusion" of the complaint cites a number of statutes which the respondents are alleged to have violated. Rule 8 of the Federal Rules of Civil Procedure provides that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must include more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 557)). To properly comply with Rule 8(a), made applicable by Fed. R. Bankr. P. 7008, a plaintiff is required to demonstrate a valid basis of each cause of action brought, setting forth "enough factual matter (taken as true) to suggest [each] required element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).

The allegations are in the nature of a shotgun pleading and do not adequately plead a claim against the O'Kelley Defendants. A shotgun pleading fails in one way or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (identifying four rough types or categories of shotgun pleadings); see Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1018 n. 8 (11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); see also Boatman v. Town of Oakland, 76 F.3d 341, 343 n. 6 (11th Cir.1996) (characterizing a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested as a shotgun pleading).   As a result, shotgun pleadings fail to achieve the purpose of Rule 8(a)'s pleading standards to provide defendants with "fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.  The conclusory allegations do not include a clear recitation of claims and assert multiple parties committed certain acts without identifying *which* party engaged in *what* conduct specifically.

    Prejudice

While the O'Kelley Defendants seek dismissal with prejudice, the presumption is in favor of a dismissal without prejudice.  "[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the [ . . .] court specifically finds that lesser sanctions would not suffice."  Dinardo v. Palm Beach County Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (internal quotations and citations omitted) (emphasis in original); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (explaining dismissal with prejudice is considered a "sanction of last resort").  Dismissal is warranted because the Debtor must have counsel, process was not served, and because the complaint does not state a claim for relief, but the extreme circumstances necessary for dismissal with prejudice are not present in this case.

**Abstention**

Even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c). Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh heavily in favor of abstention in this adversary proceeding. First, state law issues predominate the bankruptcy issues and this proceeding is, at best, loosely related to Plaintiff's bankruptcy case. Plaintiff appears to contend a foreclosure sale of the Property and the eviction and state court proceedings were wrongfully conducted. This is not a cause of action created by the Bankruptcy Code and does not arise only in bankruptcy proceedings. Indeed,

wrongful foreclosure actions can and do exist outside the bankruptcy context.

Further, the outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. A no asset corporate Chapter 7 case, like HRN's case, serves no bankruptcy purpose. The only purpose of a corporate Chapter 7 case is to permit the fair and orderly liquidation of corporate assets. Where there are no assets of the estate that can be distributed to creditors, the case serves no bankruptcy purpose. See In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006) (citing In re American Telecom Corp., 304 B.R. 867, 869-70 (Bankr. N.D. Ill. 2004)); see also In re Lang, 398 B.R. 1, 4 (Bankr. N.D. Iowa 2008). The Trustee in the HRN bankruptcy case filed a Report of No Distribution on January 8, 2019, indicating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law." The report indicated any assets owned by the Debtor had no net value to the Debtor or the estate. As there are no assets to distribute to creditors, the Debtor's corporate chapter 7 case serves no bankruptcy purpose. This case would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case.

Moreover, issues relating to dispossessory proceedings, and the handling of those proceedings, can be resolved in another forum. Plaintiff seems to challenge the issuance of various writs sought by the O'Kelley Defendants. As discussed above, final judgments may be challenged on direct review but cannot be collaterally attacked in a subsequent proceeding. Uni-Marts, 404 B.R. at 788. The dispossessory writs, and the process by which they were obtained, are open to reversal or modification in an appropriate and timely state court appellate proceeding. See Exxon Mobil, 544 U.S. at 284. Plaintiff can pursue a determination about the actions by the

O'Kelley Defendants in a court with jurisdiction.

Additionally, Plaintiff has demanded a jury trial. Abstention will not prejudice any party; if anything, this case can be managed more efficiently in state court. Thus, even if the case were not dismissed, the Court would abstain from hearing it under 28 U.S.C. § 1334(c).

**IT IS ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** as to the O'Kelley Defendants.

## END OF DOCUMENT

**Distribution List**

Joseph P. Farrell
O'Kelley & Sorohan Attorneys at Law, LLC
2170 Satellite Blvd., Ste. 375
Duluth, GA 30096

HRN Group, LLC
4596 Meadow Creek Path
Lithonia, GA 30038